debts of the mortgagor or obliged to assume its personal obligations. Hoard v. C. & O. Ry. Co., 123 U. S. 222, 8 Sup. Ct. 74, 31 L. Ed. 130.

It is claimed that by the terms of the judgment the defendant became liable to carry out the pass covenant. The judgment permitted the purchaser on the foreclosure sale, within 10 days after the premises were struck off, to disavow "any contract or lease, or the rights thereunder, which are recited herein as a part of the property to be sold under and pursuant to this judgment." The immunity of the plaintiffs and their tenant from paying fare was not "a part of the property to be sold" and was not recited in the judgment. The permission to disavow did not relate to a personal privilege, like that claimed by the plaintiffs. Evidently something more substantial and of which the purchaser would have record notice was referred to.

We are not holding that the plaintiffs are remediless; only that the present action cannot be maintained. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur, except McLENNAN, P. J., not voting.

---

In re RUBENS' WILL.

(Supreme Court, Appellate Division, First Department. November 13, 1908.)

1. WILLS (§ 239*)—PROBATE—STATUTES.

Under Code Civ. Proc. § 2611, providing that a will executed as prescribed by the laws of the state, etc., may be proved, a will executed as required by the laws of the state by a testator domiciled in France, disposing of personality within the state, is admissible to probate as a will of personal property; section 2694 providing that the validity of a testamentary disposition of property situated within the state, "except where special provision is otherwise made," is regulated by the law of the country of which decedent was a resident, etc., leaving section 2611 in effect as the only provision determining what wills may be proved.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 570; Dec. Dig. § 239.*]

2. WILLS (§ 240*)—PROBATE—STATUTES.

Code Civ. Proc. § 2611, providing that a will of real or personal property executed as prescribed by the laws of the state, or a will of personalty executed without the state and within the United States or designated foreign countries as prescribed by the law of the place where executed, or a will of personality executed by a nonresident according to the laws of his residence, may be proved, authorizes the court to admit to probate a will executed according to the laws of New York, and a will made in any sister state or specified foreign countries, if executed according to their laws, and a will of a nonresident executed according to the laws of his residence.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 571; Dec. Dig. § 240.*]

Patterson, P. J., and Ingraham, J., dissenting.

Appeal from Surrogate's Court, New York County.

In the matter of the proving of the will of Charles Rubens (also known as Samuel Woog), deceased, as a will of real and personal property. From a decree admitting to probate two instruments pur-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

porting to be the will and codicil of the deceased, Simon C. Geismaɪ
and others appeal. Modified and affirmed.

See 117 App. Div. 523, 102 N. Y. Supp. 795.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Edward P. Coyne (Edward P. Ward, on the brief), for appellants
Geismar and others.

Arthur J. Cohen, special guardian, for appellants Bloch and others.

Sheppard & Houghton (J. Woolsey Sheppard, of counsel), for Maur-
ice Dreyfus and others.

Coudert Bros. (Frederick R. Coudert, of counsel, and De Los Mc-
Curdy, on the brief), for respondents.

CLARKE, J. This is an appeal from a decree of the Surrogate's
Court admitting to probate two instruments, executed in the city of
Paris, France, in accordance with the forms required by the laws of
the state of New York for the execution of testamentary instruments,
as the last will and testament and codicil of Charles Rubens. The dece-
dent described himself in the instrument as "a citizen of the United
States of America now residing at No. 41 Avenue de l'Alma, in the
city of Paris, France." It is conceded that Mr. Rubens died in Paris
and that he had lived in said city for many years prior to his death.
The learned surrogate declined to receive evidence offered on the
question of domicile, stating:

"I will assume he was domiciled in France. I will assume it for the pur-
pose of my decision, and, if I am reversed, the appellate court will, of course,
send it either to this tribunal or another for a retrial of that issue."

It is conceded that the decedent left personal property within the
county and state of New York. It is conceded that the papers offered
for probate were not executed in accordance with the laws of the
Republic of France, so as to permit their probate in that country.
There was nothing to show, other than the declaration in the will con-
tained, that the decedent was a citizen of the United States. The
sharply defined question presented by this record is this: Is an instru-
ment formally executed with the forms and in the manner required
by the New York law disposing of personal property, there being
personal property of the decedent within the state, admissible to pro-
bate as a will of personal property, regardless of the testator's domi-
cile?

Section 2611 of the Code of Civil Procedure, entitled "What Wills
may be Proved," provides that:

"A will of real or personal property, executed as prescribed by the laws of
the state, or a will of personal property executed without the state and within
the United States, the Dominion of Canada or the Kingdom of Great Britain
and Ireland, as prescribed by the laws of the state or country where it is or
was executed, or a will of personal property, executed by a person not a resi-
dent of the state, according to the laws of the testator's residence, may be
proved as prescribed in this article. * * *"

This section authorized the probate of the will in question under the
first classification therein contained, "a will of * * * personal

property executed as prescribed by the laws of the state," unless this section is governed and controlled by the provisions of section 2694 of the Code of Civil Procedure, which provides as follows:

"The validity and effect of a testamentary disposition of real property, situated within the state, or of an interest in real property so situated, which would descend to the heir of an intestate, and the manner in which such property or such an interest descends, where it is not disposed of by will, are regulated by the laws of the state, without regard to the residence of the decedent. Except where special provision is otherwise made by law, the validity and effect of a testamentary disposition of any other property situated within the state, and the ownership and disposition of such property, where it is not disposed of by will, are regulated by the laws of the state or country of which the decedent was a resident at the time of his death."

The appellants claim that the words "the validity and effect of a testamentary disposition * * * are regulated by the laws of the state or country of which the decedent was a resident at the time of his death" control those formalities required to prove the factum of the will as well as the interpretation of its terms. If this be so, the elaborate scheme governing the probate of wills executed without the state of New York collected and crystallized in section 2611 is abrogated and destroyed, and the only test to be applied to the question of whether a will should be admitted to probate is: Was it executed in accordance with the laws of the state or country of which the decedent was a resident at the time of his death?

This construction would make but one rule applicable to all cases and would repeal that provision of section 2611, which was first enacted by chapter 118, p. 93, of the Laws of 1876, providing that a will of personal property executed without the state, and within the United States, the Dominion of Canada, or the Kingdom of Great Britain and Ireland, as prescribed by the laws of the state or country where it is or was executed, may be proved. But the language of that act when originally passed was:

"Whatever may have been the domicile of the person making the same, at the time of making the same, or at the time of his or her death, shall, as regards personal estate, be held to be well executed for the purpose of being admitted to probate in the state of New York, if the same be made according to the forms required either by the law of the place where such person was domiciled when the will was made, or by the laws of the state of New York."

So that it is quite apparent, as it seems to me, that if section 2694 is to be regarded as governing in any way questions as to the form of the execution of a testamentary document, the words "except where special provision is otherwise made by law" expressly limit its effect and leave section 2611 in full force and effect as the only provision of the statute determining what wills may be proved. That section was construed shortly after its passage by the General Term of the Fourth Department in the Matter of Seabra, 18 Wkly. Dig. 428, in 1884. The probate of a will was opposed on the ground that at the time of the execution of the will and death of the testatrix she was a citizen and resident of and domiciled in Portugal, and that the will was not executed in accordance with the laws of that country. The court said:

"The law has not always been the same, but now the will of a nonresident, without regard to the place of its execution or the place of testator's

death, may be admitted to probate if the same be executed in pursuance of the laws of this state or as prescribed by the laws of testator's residence."

Surrogate Rollins had the same question before him in 1886 in Matter of McMulkin, 5 Dem. Sur. 295. In that matter the decedent died in Scotland. The paper was executed in Scotland, and the decedent was there a resident at the time of its execution. Its execution was fatally defective under the laws of that country. The court said:

"I am asked by all parties interested to determine whether upon this state of facts it must necessarily be denied probate, even though it was executed in manner and form as prescribed by our statute of wills. * * * It is argued with much ingenuity that the first clause of the section above quoted [section 2611, Civ. Code Proc.] was not intended to cover the wills of nonresidents without this state, and that, in passing upon the sufficiency of the execution of a will of personalty made without this state by a nonresident, regard should be had solely to the law of his domicile. * * * I should be greatly disposed to put this interpretation upon the statute if its language would permit. But it seems to me to assert very squarely that, if a testamentary paper is shown to have been executed in conformity with the laws of this state, it is, so far as regards the formalities of execution, entitled to probate wheresoever and by whomsoever executed, whatever the nature of the property whose disposition it seeks to effect, and wherever such property may be situated. * * * There is no inconsistency between section 2611 as thus interpreted and section 2694. * * * A will may be entitled to probate, although all its dispositions of property may be discovered to be invalid."

I have found no case, since the passage of the provision under consideration, where a will duly executed according to the laws of this state has been denied probate upon the ground that it has not been executed according to the laws of decedent's domicile. Section 2611 clearly provides for three classes of cases, and the clause providing for each of the classes is divided from the following clause by the disjunctive word "or." First, a will is to be admitted to probate if executed as prescribed by the laws of the state; second, or a will of personal property executed without the state and within the United States, the Dominion of Canada, or the Kingdom of Great Britain and Ireland, as prescribed by the laws of the state or country where it is or was executed; third, or a will of personal property executed by a person not a resident of the state according to the laws of the testator's residence.

We are dealing in this section with the question of proof—the question of the authenticity of the expression of the last will and testament of the decedent. Upon what proof will our courts say that an instrument is the true expression of the dead man's wishes? First, and in any event, we will accept it if executed according to our laws, which we have determined sufficiently safeguard the authenticity of the instrument; second, if the will was made in certain specified countries, if executed according to their laws; and, thirdly, if of a nonresident, according to the laws of his residence. Any other view, it seems to me, would do violence to the plain language of the statute and to its historic growth.

As it does not appear that there is any real property of the decedent within the state of New York, the decree appealed from should be modified, by providing that the will should be admitted to probate as

a will of personal property, and not as a will of real and personal property, and, as so modified, affirmed, with costs to the respondent.

LAUGHLIN and SCOTT, JJ., concur.

INGRAHAM, J. (dissenting). For the purpose of this appeal the testator whose will has been admitted to probate must be considered to be a nonresident of this state and domiciled in the city of Paris in the Republic of France. He died in France, where he had resided for upwards of 40 years, leaving an instrument executed there with the formalities required by the laws of this state as a last will and testament, but which was invalid under the laws of France, the place of his domicile. He left personal property within this state, and his will was offered for probate here. The question arises as to the proof required of the execution of a will of a nonresident under sections 2611 and 2694 of the Code of Civil Procedure to admit such a will to probate. It seems to me that it must be conceded that the admission of a will to probate and the grant of letters thereunder is an adjudication that the decedent died testate and not intestate. By the judicial act of admitting a will to probate and the grant of letters testamentary the personal property of the testator passes to his executors, to be held by them and distributed according to the terms of the will, if valid by the laws of this state.

Section 2611 of the Code of Civil Procedure relates directly to the probate of such instruments, and the difficulty in its construction has resulted from combining in one section various independent statutes having relation to the probate of wills by the passage of the Code of Civil Procedure. It is there provided that a will of real or personal property "executed as prescribed by the laws of this state, or a will of personal property executed without the state and within the United States, the Dominion of Canada, or the Kingdom of Great Britain and Ireland as prescribed by the laws of the state or country where it is or was executed, or a will of personal property executed by a person not a resident of this state according to the laws of the testator's residence may be proved as prescribed in this article." By the revisor's note this section was a revision of chapter 118, p. 93, of the Laws of 1876, and was amended "so as to allow a will of personal property to be proved which is executed according to the laws of the testator's residence, wherever it may have been executed." Turning to chapter 118, p. 93, of the Laws of 1876, it will be seen that it related to two classes of cases: First. A will made out of the state of New York, and within the United States of America, the Dominion of Canada, or the Kingdom of Great Britain and Ireland, whatever may be the domicile of the person making the same; and as to such a will it was provided that it should, as regards personal property, be held to be well executed for the purpose of being admitted to probate in the state of New York, if the same was made according to the forms required either by the law of the place where the same was made, or by the law of the place where such person was domiciled when the will was made, or by the laws of the state of New York. Second. A will made within the state of New York, whatever may be

112 N.Y.S.—60

the domicile of the person making the same at the time of making the same, or at the time of his or her death. Such a will should, as regards personal estate, be held to be well executed, and be admitted to probate in the state of New York if the same be executed according to the forms required by the laws of this state. It will be seen that section 1 of this act applied to testamentary instruments made out of the state of New York and within the United States of America, the Dominion of Canada, or the Kingdom of Great Britain and Ireland. Section 2 of the act provided for a will made within the state of New York, and authorized its admission to probate, whatever may be the domicile of the person making the same, provided that the same be executed according to the forms required by the laws of this state.

In the re-enactment of this statute in the Code of Civil Procedure the revisors stated that the only amendment that was proposed was to allow a will of personal property to be proved which is executed according to the law of the testator's residence, wherever it may have been executed. As the act of 1876 was confined to wills executed in this state or in one of the states or countries enumerated in the act, it certainly was not intended by the revisor, and presumably by the Legislature that accepted the proposed provision, to substantially obliterate all of the restrictions in relation to wills executed by nonresidents at the place of their domicile when not executed within the countries specified in the act of 1876. To ascertain just what was intended by this provision there should be read in connection with it section 2694 of the Code of Civil Procedure. According to the revisor's notes to this section it was passed as declaratory of the rule of law and inserted in accordance with the preliminary note to article 1 of the Code, which is the article in which section 2611 is contained. It is there provided that:

"The validity and effect of a testamentary disposition of personal property situated within the state, and the ownership and disposition of such property, where it is not disposed of by will, are regulated by the laws of the state or country of which the decedent was a resident at the time of his death."

Reading these two sections together, I think the intent of the Legislature was to provide that a will of real or personal property executed by a resident of this state or executed within this state should be admitted to probate when executed as prescribed by the laws of this state; that a will of personal property executed without the state and within the United States of America, the Dominion of Canada, or the Kingdom of Great Britain and Ireland, as prescribed by the laws of the state or country where it is or was executed, may be admitted to probate, and a will of personal property executed by a person not a resident of the state according to the law of the testator's domicile may be admitted to probate. The first clause of section 2611 provides for admitting a will to probate made by a person domiciled in this state, or where the will was executed in this state. The second provision applies to wills executed in other states of the Union, the Dominion of Canada, or the Kingdom of Great Britain and Ireland, as provided in the first section of the act of 1876, and the third provision was inserted to allow a will of personal property to be proved which was executed according to the law of the testator's domicile.

In view of the provisions of section 2694, it could not have been intended to admit to probate the will of a person domiciled in a foreign country, which, when admitted to probate, could have no effect as a testamentary disposition of either real or personal property. If the instrument is a valid will and is admitted to probate, it certainly disposes of the testator's property, if the disposition of the property is not in violation of the law of this state. The decree of the surrogate is an adjudication that the instrument was duly executed according to law, and thus, so far as it affects personal property, unless the disposition of the property violates some express provision of law, a valid disposition of the testator's property. It would be a substantial contradiction to admit a will to probate where the will was not executed with the formalities necessary to make it a will or to constitute it a testamentary disposition of a testator's property.

In an application to admit an instrument purporting to be a last will and testament to probate, necessarily the first question presented is whether the deceased died testate or intestate, and that necessarily depended upon the question as to whether the instrument propounded for probate was executed according to the law of the testator's domicile. It is a universal principle that personal property has no situs except the domicile of its owner, and as was said by Sir Lancelot Shadwell in Price v. Dewhurst, 8 Simons, 279:

"I apprehend that it is now clearly established by a great variety of cases, which it is not necessary to go through in detail, that the rule of law is this: That when a person dies intestate his personal estate is to be administered according to the law of the country in which he was domiciled at the time of his death, whether he was a British subject or not; and the question whether he died intestate or not must be determined by the law of the same country."

In Desesbats v. Berquier, 1 Bin. (Pa.) 336, 2 Am. Dec. 448, in an opinion in which all of the English cases and the authorities upon the law of nations were examined, it was declared to be the settled law that:

"The succession to the personal estate of an intestate was to be regulated according to the law of the country in which he was domiciled inhabitant at the time of his death, and that the same rule prevailed with respect to last wills."

In Stanley v. Bernes, 3 Hag. 373, it was decided that if a testator, though a British subject, be domiciled abroad, he must conform in his testamentary acts to the formalities required by the lex domicilii. And in De Bonneval v. De Bonneval, 1 Curt. 856, it was held that the place of domicile and not the lex loci rei sitæ governed "the distribution and succession to personal property in testacy or intestacy," and that the question is to be determined by the law of the country where the deceased was domiciled at his death.

These cases are cited and held to be controlling in this state by the Court of Appeals in Moultrie v. Hunt, 23 N. Y. 394. If a decedent died without having executed a will or made a testamentary disposition of his property valid by the law of his domicile, he necessarily died intestate, and if he died intestate then there certainly is no instrument to be admitted to probate as a last will and testament; and thus I think the construction given to these two sections of the Code of

Civil Procedure in the prevailing opinion involves an express contradiction, when it is said that an instrument may be admitted to probate as a will of personal property, and that it is not a testamentary disposition of personal property, because not executed according to the law of the deceased's domicile. If by the law of the state it is not a valid testamentary disposition of property, because not executed according to the law of the testator's domicile, it cannot be a testamentary disposition of property for the purpose of being admitted to probate.

The question presented to the surrogate on the probate of the will was whether the will was executed with the formalities required by the laws of this state to make it a valid disposition of real or personal property, and by section 2626 of the Code of Civil Procedure a decree admitting to probate a will of personal property made as prescribed in this article is conclusive as an adjudication upon all the questions determined by the surrogate pursuant to this article until it is reversed upon appeal or revoked by the surrogate.. If the will is admitted to probate, I do not see how the court can say that the will was not executed so as to be a valid testamentary distribution of personal property within this state. It seems to me that the whole system prescribed by the Code of Civil Procedure for the probate of wills is opposed to this construction of the statute given by the prevailing opinion, and the will, not having been executed according to the law of the testator's domicile and not having been executed within this state, should not have been admitted to probate.

I therefore think the decree appealed from should be reversed, and the application to probate the will denied.

PATTERSON, P. J., concurs.