HIGGINS v. EATON.

(Circuit Court of Appeals, Second Circuit. January 13, 1913.)

No. 125.

1. COURTS (§ 511*)—COMITY—DISPOSITION OF PERSONAL PROPERTY BY WILL—WHAT LAW GOVERNS.

In general, the law of the domicile of the owner governs his capacity to bequeath personal property. But the recognition of such rule depends on comity, since the state or country of the domicile has no right to extend its laws beyond its borders, and every state, as an incident to sovereignty, has power to establish and regulate the succession of all property, real and personal, movable and immovable, within its territory; the only limit on its authority being its capacity to make its laws effective.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1432; Dec. Dig. § 511.*]

2. WILLS (§ 434*)—EXECUTION—PROBATE—PERSONAL PROPERTY.

Under Decedent Estate Law N. Y. (Consol. Laws 1909, c. 13) § 23, providing that a will of real or personal property, executed as prescribed by the laws of the state, may be proved as prescribed in the article, a decree of the Surrogate's Court of the county in New York in which a nonresident testator left personal property, admitting the will and codicil to probate, was conclusive as to the devolution of such personal property, notwithstanding the court of the testator's domicile refused to admit the codicil to probate for alleged want of testamentary capacity.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 937–945; Dec. Dig. § 434.*]

Appeal from the Circuit Court of the United States for the Northern District of New York; George W. Ray, Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Suit by Susan S. C. Higgins against Hervey E. Eaton, as executor of the will of Elizabeth S. Eaton, deceased. Decree for complainant (188 Fed. 938), and defendant appeals. Reversed and remanded, with instructions to dismiss.

Elizabeth S. Eaton was domiciled in Ann Arbor, Mich., and died there in 1906 leaving two instruments purporting to be a will and its codicil. Her principal estate consisted of personal property in the physical possession of the defendant, her brother, in Madison county, N. Y. The defendant was named as executor in the will. After regular probate proceedings according to the statutes of New York both the will and codicil were admitted to probate by the Surrogate's Court for Madison county and letters testamentary were issued to the defendant who continued to hold possession of said property. Subsequently the probate court of Washtenaw county, Mich., the place of domicile, after due proceedings according to the laws of Michigan admitted the will to probate but rejected the codicil upon the ground of want of testamentary capacity at the time of its execution.

A suit was brought by the administrator with the will annexed appointed by the Michigan court against the New York executor to compel the transfer of the New York assets. This suit was dismissed upon demurrer by the Circuit Court (Watkins v. Eaton, 173 Fed. 133) and its decree was affirmed by this court (183 Fed. 384, 105 C. C. A. 604).

The present suit was brought by the complainant against the defendant as the New York executor for the recovery of a legacy payable under said will but which the defendant claims was revoked by the codicil. A demurrer to the bill was sustained by the Circuit Court (178 Fed. 153) but its action was reversed by this court (183 Fed. 388, 105 C. C. A. 608). The opinion upon the merits by the court below is reported in 188 Fed. 938, and as it contains a very full statement of the facts in the case it is unnecessary to repeat them here.

C. J. Coleman, of Hamilton, N. Y., and E. H. Risley, of Utica, N. Y., for appellant.

Martin & Jones, of Utica, N. Y. (A. F. & F. M. Freeman and B. M. Thompson, all of Ann Arbor, Mich., Ralph Phelps, Jr., and Orla B. Taylor, both of Detroit, Mich., of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). The will gave the complainant a legacy upon condition that she support the testatrix's unfortunate brother. The codicil gives a legacy to another person for the same purpose. The provisions of the codicil are quite inconsistent with those of the will. It is impossible to believe that the testatrix intended to make two distinct provisions for her brother's support and, in effect, to charge her estate with the same thing twice. We think that if the codicil be in force it revokes the bequest to the complainant in the will. So we come at once to the substantial question in the case: In this suit against the New York executor is the codicil to be regarded as in force?

[1] The maxim mobilia sequuntur personam found early a place in the common law and, broadly speaking, is still true. As a general rule personal property is sold, transmitted, bequeathed and succeeded to according to the law of the domicile of the owner. And as that which controls the disposition must necessarily determine the capacity to make the disposition it is included in the general rule that the capacity to make a will is determined by the law of the domicile.

The general rule exists between states and is international. But its recognition depends altogether upon comity. The country of the domicile has no right to extend its laws beyond its borders. Every state has, as an incident to sovereignty, the power to establish and to regulate the succession of all property, real or personal, movable or immovable, within its territory. The only limit upon its authority is the capacity to make its laws effective. State laws conferring upon state courts power to admit to probate wills of non-residents as affecting local personal property are well within the power of the state. As said by Mr. Justice Holmes in Blackstone v. Miller, 188 U. S. 189, 204, 23 Sup. Ct. 277, 278 (47 L. Ed. 439):

"To a considerable, although more or less varying extent the succession determined by the law of the domicile is recognized in other jurisdictions. But it hardly needs illustration to show that the recognition is limited by the policy of the local law."

The underlying principles are also clearly stated in the early case of Jones v. Marable, 6 Humph. (Tenn.) 116, 118:

"Although it is a rule of international law that the succession to personal property is controlled by the law of the domicile, yet it is in the power of any state to change the law in this respect; for unquestionably every state has a right to regulate persons and things within its own territory according to its sovereign will and pleasure. Story's Confl. L. 23. Nor is it bound to give effect to any general principle recognized among nations upon this subject."

See, also, Mahorner v. Hooe, 9 Smedes & M. (Miss.) 247, 48 Am. Dec. 706; Minor v. Cardwell, 37 Mo. 350, 90 Am. Dec. 390.

The question then in any case when a demand is made under the law of the domicile is whether the state recognizes that law or has adopted its own regulations upon the subject. If the state has enacted statutes governing the transmission of property within its territory and prescribing the procedure incident thereto, no rule of comity has place. That the local law providing for the probate of wills of local personal property and the proceedings thereunder may differ from the law of domicile is immaterial. To the extent that it differs the state declines to be bound by the general principle. And it necessarily follows that where the state provides for the independent proof of wills in its courts, it provides for a determination of the capacity to make them. The grant of authority to probate a will involves, of necessity, power to determine testamentary capacity for only when such capacity is found does a paper become a will. When such statutory grant appears the question of capacity is one of local law and the law of the domicile is no longer controlling.

We have, then, in the present case to ascertain whether the state of New York in which the personal property of the decedent was at the time of her decease has enacted legislation controlling the situation and the effect of proceedings thereunder.

[2] The relevant statute is section 23 of the Decedent Estate Law (Consol. Laws 1909, c. 13), formerly section 2611 of the Code of Civil Procedure, which reads as follows:

"A will of real or personal property, executed as prescribed by the laws of the state, * * * may be proved as prescribed in this article."

This statute has been construed by the New York courts in Matter of Rubens, 128 App. Div. 626, 112 N. Y. Supp. 941, affirmed on the opinion of the court below, 195 N. Y. 527, 88 N. E. 1130. In this case a decedent who was domiciled in France left property in the state of New York and a will which was executed according to New York laws but not according to the laws of France. It was contended that the law of the decedent's domicile governed but it was held that the provision in the statute above quoted controlled and that as the will had been executed according to such provision it was properly established as a disposition of the personal property within the state notwithstanding that it had not been executed according to the law of the domicile. Mr. Justice Clarke in discussing the proof required said:

"First and in any event, we will accept it if executed according to our laws which we have determined sufficiently safeguard the authenticity of the instrument."

This decision determines authoritatively many of the questions presented here. The state of New York with respect to personal property within its territory declines to be bound by the rule of comity and permits the independent proof of a testamentary disposition of such property notwithstanding that such disposition may be void according to the law of the decedent's domicile. It also necessarily follows that the probate of wills disposing of personal property establishes them as instruments transmitting the title to such property. A will is a disposition of property to take effect upon the death of the owner. The probate of a will is necessary to establish it as an instrument of title but when probated that is its very essence. To say that the New York statutes authorize the establishment of wills of personal property within the jurisdiction and then to say that a will when probated does not, on account of something relating to its execution, operate to pass the title to such property is to assert and deny the same real thing. Similarly the statutory authority in the New York courts to admit wills to probate as dispositions of property within the state necessarily includes authority to determine the testamentary capacity of the decedent. As already pointed out, a court cannot independently admit a will to probate without making such determination.

The decree of the New York Surrogate's Court in this case was rendered after due notice and hearing according to the New York statutes and is still in full force and effect. It is in the nature of a decree in rem and as such is binding upon the complainant. It settled that the decedent has testamentary capacity to make the codicil as well as the will; that the property within the jurisdiction should be distributed in accordance with the provisions of both testamentary instruments, and that the duty of the defendant as executor was to carry out the provisions of the one as affected by the other.[1]

---

[1] The question does not arise in this case as to what kinds of personal property come within the purview of the New York statutes as personal property within the state. As already stated a state has the right to determine the testamentary disposition of property so within its territory that its enactments

This court as a court of equity is now asked to undo that which was accomplished by the New York decree and, in the face of it to hold that the New York executor is not bound by the codicil and must pay a legacy in the will which is revoked by the codicil. The complainant seeks to obtain a decree for such legacy against such executor which will be paid by him out of the New York assets; no other fund is available. She asks this court to hold that the obligations of the New York executor are not measured by the decree under which he acts and in effect to declare that the in rem decree so far as it relates to the codicil is of no effect. True she does not ask the formal setting aside of that decree but what she does ask accomplishes the same thing. What does the New York decree amount to if the decision of the court below be affirmed? A court which enforces an obligation in the face of and in spite of a probate decree annuls it quite as much as does the superior tribunal which formally sets it aside. If this court have power to grant the complainant that which she asks, it has power tantamount to that required to set aside the probate of the will.[2]

Now if anything is well settled by the decisions of the Supreme Court of the United States from the case of Broderick's Will, 21 Wall. 503, 22 L. Ed. 599, down to Farrell v. O'Brien, 199 U. S. 89, 25 Sup. Ct. 727, 50 L. Ed. 101; it is that the federal courts as courts of equity will not (with an exception which will be noted) entertain jurisdiction of suits to set aside the probate of wills. In the former case Mr. Justice Bradley said (21 Wall. 509, 22 L. Ed. 599):

"As to the first point, it is undoubtedly the general rule, established both in England and this country, that a court of equity will not entertain jurisdiction of a bill to set aside a will or the probate thereof. The case of Ker-

---

can be enforced. How far its enactments go is a question of their interpretation. With respect to chattels and movables a question would hardly arise. With respect to choses in action questions might arise and indeed have arisen in the courts. Thus in Cooper v. Beers, 143 Ill. 25, 33 N. E. 61, it was held that while the Illinois statute relating to descents change the common-law rule that personal property follows the person of the owner as to "property in this state," yet that that phrase did not include debts although the evidences of indebtedness were within the state. See, also, Channel v. Capen, 46 Ill. App. 244. A somewhat different interpretation was, however, placed upon the Mississippi statute in Jahier v. Rascoe, 62 Miss. 699. See, also, Speed v. Kelly, 59 Miss. 47.

In the present case, however, as pointed out in the text, the defendant is sued only as the New York executor and with respect to the property in his hands. It would not help the complainant's cause to show that, in contemplation of law, some of the assets could not be regarded as in his hands.

[2] Suppose that the decedent had left a will bequeathing all her estate, consisting of personal property situated in New York, to A and that such will had been admitted to probate by the New York courts as affecting such property. Suppose that the Michigan courts had subsequently rejected said will for want of capacity and had probated an earlier will bequeathing all of said property to B and that B sued here for his bequest. It seems entirely clear that we could not grant relief because as to the executor which we could reach and as to the property which our decision could affect it was settled by the decree of a court of competent jurisdiction that the later will controlled. And this supposititious case is in principle precisely the same as the case at bar.

rick v. Bransby, decided by the House of Lords in 1727, is considered as having definitely settled the question. Whatever may have been the original ground of this rule (perhaps something in the peculiar constitution of the English courts) the most satisfactory ground for its continued prevalence is, that the constitution of a succession to a deceased person's estate partakes in some degree of the nature of a proceeding in rem, in which all persons in the world who have any interest are deemed parties, and are concluded as upon res judicata by the decision of the court having jurisdiction."

These reasons lead equally to the conclusion that the federal courts will not grant relief which will in effect set aside the probate of a will or codicil. If probate proceedings are in the nature of proceedings in rem to which all persons interested are deemed parties and by which they are concluded, they are concluded just as much from bringing suits in the face of such proceedings as they are from suing to set them aside. The thing adjudicated is the valid execution of the will or codicil and the adjudication has the same effect upon the one kind of suit as upon the other.

The exception which has been made by the Supreme Court to the rule that the federal courts will not entertain suits to set aside the probate of wills is that when a state law gives a person interested in an estate the right in a suit inter partes to assail probate proceedings, a similar right will be accorded in the federal courts where the requisite diversity of citizenship exists. See Farrell v. O'Brien, supra. This, however, merely gives a suitor in the federal courts the same rights as a suitor in the state courts and really constitutes no exception to the underlying principle involved. The exception, moreover, has no application in the present case. The action inter partes which the New York statutes permit is of a purely probate character and in no way analogous to the present suit.

A confusion which arises in considering the decisions of the Supreme Court upon the general subject arises from failing to distinguish between suits which relate to the execution of a will or codicil and those which relate to its interpretation. The validity of a will as a testamentary instrument is a very different thing from the validity of the testamentary disposition. In the one case that which is involved is the execution of the will—the factum—including the question of testamentary capacity. In the other the question is as to the construction to be placed upon the provisions of the will. An instrument may be a valid will and yet contain invalid provisions.

The Supreme Court has repeatedly entertained suits involving the construction of wills but we think that no substantial departure will be found from the rule that that court will not pass upon the validity of their execution. When the court speaks in many cases of "adjudicating concerning rights against the estates of decedents" it means, in cases where testamentary instruments have been established by courts of competent jurisdiction, rights consistent with such establishment. Legatees may sue in the federal courts for their legacies; devisees may obtain their lands; trusts may be established; testamentary provisions may be interpreted, but the courts proceed only upon the foundation of the proved will. Indeed we think that the Master of the Rolls, Lord Langdale, correctly stated the present posi-

tion of the Supreme Court when he said in Ryves v. Duke of Wellington, 9 Beav. 579, concerning his court:

"It is not denied that in ordinary cases this court has no jurisdiction to determine upon the validity of a will of personal estate, and that in all cases in which parties apply for the construction of a will or for payment of legacies under a will, this court proceeds only on the foundation of a will proved in a court of competent jurisdiction." [3]

The present case, in itself, illustrates the distinction between the matters which can be and which cannot be properly considered by the federal courts. This suit could well be maintained up to the point where the court is required to go behind the New York decree. There is no doubt about the power to determine whether the provision in the will for the complainant's benefit was revoked by the terms of the codicil and the interpretation to be placed upon such provisions if unrevoked. But upon finding that the provision was revoked the case ends unless we can go further and treat the codicil and the decree establishing it as of no effect—unless we can ignore the decree of a competent court touching parties and property within its jurisdiction.

There is no question in the case about the Michigan decree. So far as there may be property in Michigan that decree determined its disposition. So far as there may be property in other states which recognize the law of the domicile, that decree will likewise control. But so far as the New York assets are concerned, the New York decree controls and in this suit against the New York executor that decree determines his duties.

For these reasons a majority of the court are of the opinion that our prior decision in this case should not be followed and that the decree appealed from should be reversed and the cause remanded with instructions to dismiss the bill. In view of all the circumstances no costs will be awarded in either court.[4]

[3] Of course in the case of either testate or intestate estates the federal courts are open to creditors to establish their demands against the estate and in the case of intestate estates they are likewise open to heirs or distributees to establish their shares, although the possession of the property by the state court will not be disturbed. But cases of this kind furnish no authority for the proposition that the federal courts will establish in a state against a state executor a legacy revoked by a codicil duly proved in the state court as a disposition of assets within the state.

[4] The motion by the appellee to dismiss the appeal is denied. If the bond were defective in form another one might be ordered. But in view of the disposition of the case upon the merits it is unnecessary to pass upon that question.