In the Matter of the Estate of FRANK A. McCULLOUGH, Deceased.

Surrogate's Court, New York County, December 21, 1926.

Surrogate's Court — jurisdiction — probate of will of non-resident — decedent died resident of Colorado and left personal property in New York county and $40,000 estate elsewhere — widow, as sole next of kin, has procured letters of administration in State of Colorado — Decedent Estate Law, § 23, and Surrogate's Court Act, §§ 45, 47, 144, give Surrogate's Court jurisdiction to probate testamentary script as will of personalty — Surrogate's Court Act, § 160, bars issuance of ancillary letters until determination of probate proceedings in this court.

The Surrogate's Court of New York county has jurisdiction of this proceeding for the probate of the alleged testamentary script of decedent who died a resident of Colorado leaving personal property in New York county valued at $100,000 and a $40,000 estate elsewhere, since section 23 of the Decedent Estate Law and appropriate sections of the Surrogate's Court Act, including among others, sections 45, 47 and 144, require said court to proceed with the probate of a

Surrogate's Court, New York County, December, 1926.　　[Vol. 129

non-resident's will of personal property, when it is executed as required by statute, without waiting action by the corresponding tribunal of the domiciliary State.

Furthermore, neither as a matter of right nor of comity is the petitioner, decedent's widow and sole next of kin, who has procured letters of administration in the State of Colorado, entitled to an order directing that this court forward decedent's will to the probate court of Colorado. However, the petition and papers in this proceeding should be amended so that the proceeding may go forward as the probate of a will of personal property only, and not of a will of real and personal property.

Section 160 of the Surrogate's Court Act bars the issuance of ancillary letters of administration where application for original letters testamentary, as in this instance, remains undisposed of; consequently, the issuance of ancillary letters in this court must be stayed until the final determination of the existing probate proceeding.

PROCEEDING for probate of will of non-resident.

*Compton & Delaney,* for the proponent.

*Erwin Bruce Hallett,* for the contestant.

FOLEY, S.　This application raises the following questions:

(1) Shall the Surrogate's Court of New York county continue jurisdiction of a pending proceeding for the independent probate of the alleged last will of the decedent, a resident of Colorado, or shall the alleged will be transmitted to the domiciliary probate court of Denver, Colo., for further proceedings there?

(2) Shall ancillary letters of administration be issued out of this court upon the decree of the Probate Court of Denver to the person nominated by the domiciliary administratrix, the original letters having been issued by the Colorado court on the representation that the decedent died intestate?

It is conceded by all the persons involved in this controversy that the decedent died a resident of Colorado and that he left personal property in New York county, which gives this court jurisdiction over the probate proceeding under the provisions of sections 45 and 47 of the Surrogate's Court Act. The personalty located here consists of stocks, bonds and cash in bank of the value of $100,000, whereas the gross value of the property located in the domiciliary State and elsewhere is approximately $40,000. Under the law of Colorado the widow is the sole next of kin and upon that theory she procured the issuance of letters of administration by a decree of the proper court in that State. The paper filed in the probate proceeding in this court is offered as the last will and testament. It is claimed to have been signed by the decedent and executed with the legal formalities of our law. It provides for a trust of one-half of the estate for the benefit of the widow for life, with remainder to a cousin of the decedent. It gives the remaining

MATTER OF McCULLOUGH. 115

Misc. 113]    Surrogate's Court, New York County, December, 1926.

one-half of the estate outright in equal parts to the decedent's two sisters, and appoints one of the sisters, Adele B. Damman, as executrix and trustee. Both sisters are residents of New York State.

I hold that under the statutes and authorities of New York State this court has jurisdiction of the proceeding for the probate of the alleged testamentary script as a will of personalty and that neither as a matter of right or discretion should the will be transmitted to Colorado. Section 23 of the Decedent Estate Law (as amd. by Laws of 1919, chap. 294) provides: "What wills may be proved. A will of real or personal property, executed as prescribed by the laws of the state, or a will of real or personal property executed without the state in the mode prescribed by the law, either of the place where executed or of the testator's domicile, provided such will is in writing and subscribed by the testator, may be admitted to probate in this state."

It is the settled law of this State, based upon the provisions of this section and the appropriate sections of the Surrogate's Court Act (including among others sections 45, 47 and 144), that the surrogate has jurisdiction and it is his duty to proceed with the probate of a non-resident's will of personal property executed as required by section 21 of the Decedent Estate Law without waiting action by the corresponding tribunal of the domiciliary State. (*Matter of Connell,* 221 N. Y. 190; *Matter of Rubens,* 128 App. Div. 626; affd., on opinion below, 195 N. Y. 527; *Higgins* v. *Eaton,* 202 Fed. 75, revg. 188 id. 938; Jessup-Redfield Sur. Pr. [6th ed.] 82; Fowler Decedent Estate Law, 207; *Booth* v. *Timoney,* 3 Dem. 416; *Matter of Delaplaine,* 45 Hun, 225.)

In *Matter of Connell* (221 N. Y. 190) the Court of Appeals reversed the decree of the surrogate and the affirmance by the Appellate Division, which dismissed a probate proceeding for the independent probate of the will of the decedent, a resident of Quebec. A further question was involved in that case, but not material here, as to the duty of the surrogate to issue ancillary letters testamentary on the ground that the will had been duly admitted to probate in Quebec. It appeared, however, that it was a notarial will and the court held, on this secondary question, that it had not been *established* under the requirements of our statutes as they existed at that time, and the will and the proceedings for probate were not entitled to be recorded or made the basis for a decree for ancillary letters in this State. But on the main question of jurisdiction, Judge ANDREWS said: " Former section 23 of the Decedent Estate Law * * * provided that a will of personal property executed by a non-resident according to the laws of the testator's residence

Surrogate's Court, New York County, December, 1926.        [Vol. 129

may be admitted to probate in this State.    But personal property
of the decedent must be found here.    But we also understand that
there was another limitation imposed upon the jurisdiction of the
surrogate.    Where such a will had been already probated in the
foreign country it may not be proved in an independent pro-
ceeding here."    He then considers, in connection with section 23
of the Decedent Estate Law, the effect of the provisions of former
section 2695 of the Code of Civil Procedure, which provides for the
recording of the will, and the proofs and the issuance of ancillary
letters (this section in the 1914 revision became section 2629 and
is now section 159 of the Surrogate's Court Act), and continues:
" Reading these sections together, where a petition is presented by
a person interested in the estate showing the death of a non-resident,
the execution of the will and the presence of personal property
within the surrogate's jurisdiction, it is the duty of the surrogate
to admit such will, if properly executed, to probate in this State,
unless it also appears that such will has been duly admitted to
probate elsewhere.    The burden of showing such fact is upon the
party objecting to the probate."

In *Matter of Rubens* (128 App. Div. 626; affd., on opinion below,
195 N. Y. 527) the decedent was domiciled in France and left
property in the county of New York.    The will which was filed for
probate here was executed according to the New York law, but
not according to the law of France.    It was contended that the law
of the decedent's domicile governed, but Mr. Justice CLARKE, in
his opinion in the Appellate Division, held that the Surrogate's
Court had jurisdiction in independent probate proceedings to
admit the will to probate if the requirements of our Statute of
Wills had been complied with.    In summarizing the rules of proof
as to the admission of the testamentary instrument of a non-
resident decedent, he writes, *"First,* and in any event, we will
accept it if executed according to our laws which we have determined
sufficiently safeguard the authenticity of the instrument."

The Federal courts likewise recognize the right of New York to
entertain independent probate proceedings even where the instru-
ment has been denied probate in the foreign domiciliary State.
In the case of *Higgins* v. *Eaton* (202 Fed. 75; certiorari denied,
229 U. S. 622) the decedent was domiciled in Michigan.    An
independent proceeding was begun in New York where the will
and codicil were admitted to probate by the Surrogate's Court of
Madison county.    Subsequently judicial proceedings were had in
Michigan and the paper offered as a will was admitted to probate,
but the codicil rejected as invalid.    Thereupon an action was begun
in the Federal District Court for a legacy payable under the will,

MATTER OF McCULLOUGH. 117

Misc. 113] Surrogate's Court, New York County, December, 1926.

but which had been revoked by the codicil admitted to probate in New York, and it was sought therein to make the Michigan domiciliary decree of probate conclusive in New York State. The Circuit Court of Appeals, in reversing the District Court's determination, upheld the jurisdiction and conclusiveness of the New York decree in so far as it applied to personal property within the jurisdiction of our State. The opinion rested in part upon *Matter of Rubens* (*supra*) and the language of section 23 of the Decedent Estate Law. The opinion upheld the right of a State to establish by its local law and to enact statutes governing the transmission of property within its territory, and to prescribe the procedure incident thereto. It held that it was immaterial if the local law providing for the probate of a will of local personal property and the proceedings thereunder differed from the law of the domicile. It held that the test for the capacity of testator, and inferentially the other issues arising in probate contests, were to be determined by the local law, and concluded: "The State of New York with respect to personal property within its territory declines to be bound by the rule of comity and permits the independent proof of a testamentary disposition of such property notwithstanding that such disposition may be void according to the law of the decedent's domicile. It also necessarily follows that the probate of wills disposing of personal property establishes them as instruments transmitting the title to such property." The decision and decree therein of the United States Circuit Court was held conclusive by the Appellate Division, Third Department, of our State in the same estate in *Matter of Eaton* (159 App. Div. 7).

It is clear from these authorities, therefore, that the pending probate proceeding in this estate should be continued and finally disposed of by a proper decree of this court. Neither as a matter of right nor of comity nor because of the special circumstances disclosed in the papers in this proceeding, is the petitioner entitled to an order directing the forwarding at this time of the alleged will to the Probate Court of Colorado. One limitation in the proceeding, however, should be made. The petition for probate filed in this court offers the paper as a will of real and personal property. There is no real estate in New York, and in accordance with the final observation of Mr. Justice CLARKE in *Matter of Rubens* (*supra*), the petition and other papers filed in this court will be amended as a proceeding for the probate of a will of personal property only, and not of a will of real and personal property.

With respect to the issuance of ancillary letters, I hold that section 160 of the Surrogate's Court Act prohibits their issuance where application for original letters testamentary, as is the case

here, remains undisposed of. The original decree of administration and the letters of administration issued thereon were issued on the theory that no will existed. The existence of a will has since been disclosed. The issuance of ancillary letters, therefore, in this court will be stayed until the final determination of the existing probate proceeding.

Submit order on notice accordingly.