In the Matter of the Estate of L. VICTOR FROMENT, Deceased.

Surrogate's Court, New York County, January 21, 1927.

*Alexander & Green*, for the proponents.

*Satterlee & Canfield*, for Emily F. Froment.

*Edward B. Schulkind*, special guardian.

O'BRIEN, S. This is an application by the widow of the testator to dismiss the petition of the Guaranty Trust Company and Eugene McK. Froment for the probate in this court of the testator's will on the ground that it should be probated in the State of Virginia. The jurisdiction of this court to probate this will is put in issue. The testator died on December 11, 1926, in the State of Virginia, where he owned real estate and personal property. His widow resides at Warrenton, Fauquier county, Va. Eugene McK. Froment, one of the executors and proponents of the will, is a resident of this State, and the other, the Guaranty Trust Company, has its

principal office in New York county. The widow is named as the third executor. The testator died possessed of personal property located in the county of New York of the value of $234,300. This is sufficient to give this court jurisdiction to entertain the probate proceeding irrespective of the residence of the testator. (*Matter of Rubens*, 128 App. Div. 626; affd., on opinion below, 195 N. Y. 527; *Matter of Connell*, 221 id. 190.)

The will, although executed in the State of Virginia, was drafted in this State, and so far as its form is concerned appears to have been executed in conformity with the necessary legal requirements of this State. It is urged on behalf of the petitioner herein, the testator's widow, that a great and unnecessary confusion will result from placing the duty upon the New York courts of deciding questions relating to the construction of the will and the distribution of the assets of the estate, asserting that such construction must be determined and distribution made in accordance with the laws of the State of Virginia. This reason, however, is not sufficient in my opinion to warrant the granting of this application to dismiss. It does not seem to be seriously disputed that this court has jurisdiction to entertain the petition for the probate of the testator's will. Under the circumstances disclosed, the court has no alternative but to entertain such petition for probate. As pointed out by my colleague, Mr. Surrogate FOLEY, in his recent decision in *Matter of McCullough* (129 Misc. 113, 117), where a very similar situation was presented, after a review of the statutes and authorities at length: " Neither as a matter of right nor of comity nor because of the special circumstances disclosed in the papers in this proceeding, is the petitioner entitled to an order directing the forwarding at this time of the alleged will to the probate court of Colorado." The application to dismiss the petition is, therefore, denied.

It appears, however, that the petition for probate asks that the will be admitted as a will of real and personal property. Since it does not appear that there is any real property in this jurisdiction, it may only be admitted as a will of personal property, and the petition should be amended accordingly. (*Matter of Rubens, supra; Matter of McCullough, supra.*)

Submit order on notice denying the application to dismiss the petition for probate.