In the Matter of the Estate of GEORGE W. LEFEVRE, Deceased.

Surrogate's Court, New York County, January 4, 1929.

*King, Lane & Trafford,* for the petitioner.

*Egan & Ittleson* and *Aldrich, Morchauser & Haas,* for the contestants.

*White & Case,* for Cornell University.

FOLEY, S. The motion to strike out paragraphs 1 and 5 of the answer filed in this probate proceeding is denied. The demand made in paragraph 5 of the answer for a preliminary trial of the issue with respect to the residence of the decedent, is likewise denied. It is conceded that the decedent left personal property in New York county, which fact gives this court jurisdiction to admit the will to probate, even if the allegation contained in paragraph 1 of the answer that the decedent died a resident of France were true. (*Matter of McCullough,* 129 Misc. 113, and the cases therein cited.) In the *McCullough* case I held that the will of a non-resident, who died leaving personal property in this jurisdiction, could be admitted to probate in an original proceeding in this court without waiting action by the corresponding tribunal of the domiciliary State or

country. In any event the contestants do not deny the presence of assets here, and thus they concede our jurisdiction. Paragraph 1 of the answer, although it raises an issue of residence, which is immaterial on the question of our jurisdiction to admit the will to probate, will not be stricken out. Where there is jurisdiction to entertain the probate proceeding, the usual procedure followed in the Surrogate's Court of New York county is to expedite the trial of the issues involving the validity of the will (execution, testamentary capacity, fraud or undue influence). Where the question of residence becomes material, as appears to be the case here, the determination of that question is reserved in the probate decree for future disposition by supplemental decree. This procedure will be followed here. I will hear the disputed issue as to domicile as soon as the probate proceeding is terminated by a proper decree.

Submit order on notice accordingly.