In the Matter of the Estate of FRANK C. HART, Deceased.

Surrogate's Court, New York County, April 30, 1936.

*Crawford & Sprague* [*H. Victor Crawford* of counsel], for the proponents.

*Lawrence R. Condon,* for Marion Alexander Hart, contestant.

*Richard McAvoy,* special guardian for infant children of Frank C. Hart.

*Chadbourne, Stanchfield & Levy* [*Frederick M. Davenport, Jr.,* and *Robert A. Rockhill* of counsel], for Muriel Constance Woodworth Hart, contestant.

FOLEY, S. In this non-jury contest the will is alleged to have been executed in the State of Connecticut. The codicil was executed in the State of New York. The evidence in the proceeding conclusively establishes that the will of the testator was duly executed in accordance with the provisions of sections 21 and 23 of our Decedent Estate Law. A similar conclusion follows as to the evidence submitted in support of the due execution by the testator of the codicil to the will. I specifically hold that the proof as to the execution of each of these testamentary instruments complies with the statutory provisions applicable under the law of New York State and that compliance with the law of Connecticut, the alleged domicile of the decedent, was not required to be proven. This rule was definitely and finally settled by the Court of Appeals in *Matter of Rubens* (128 App. Div. 626; affd. on opinion below, 195 N. Y. 527). (See, also, *Matter of McCullough,* 129 Misc. 113; *Matter of Froment,* 135 id. 483.)

The highly technical and tenuous contention of the contestants that the enactment in 1919 (Laws of 1919. chap. 294) of the amended provisions of sections 22-a and 23 of the Decedent Estate Law altered the rule in *Matter of Rubens (supra)* is without support in the context of either of these sections, or the purpose and history of their enactment, or the practical application by the Surrogates' Courts of the State since they became effective. These amendments only liberalized the rule as to the recognition in our State of the validity of a will, regardless of where it was executed. Under the principles laid down in the *Rubens* case, and the applicable statutes, a will of a non-resident may always be admitted to probate in this State, either as to realty or personalty, if it was executed in accordance with our laws. A will of a non-resident may likewise be admitted to probate if it be executed in accordance with the laws of his domicile regardless of whether the requirements of the domicile are less than those of our own statutory provisions. In addition, under the provisions of sections 22-a and 23 of the Decedent Estate Law a will of a resident or a non-resident may likewise be admitted to probate in this State when executed in a State or country other

than the State of New York or other than the domicile of the decedent, if it is executed in the mode prescribed by the law of the place where it is executed, provided "such will is in writing and subscribed by the testator."

In view of my determination that the law of New York alone applies as to the validity of the execution of the will and codicil, the application of the contestant to submit further evidence as to the law of probate in Connecticut is denied.

The costs of the probate proceeding, in the exercise of the discretion of the surrogate, will be taxed against the contestant, Marion Alexander Hart, personally.

Submit decree on notice admitting the will and codicil to probate.

The additional issues raised by the objections of the contestant (1) as to the domicile of the testator and whether in the State of New York or in the State of Connecticut, and (2) as to whether Marion Alexander Hart, the first wife of the testator, or Muriel Constance Woodworth Hart, his alleged second wife, is his lawful widow will be heard on Monday, May 25, 1936, at ten-thirty A. M.