In the Matter of the Estate of FRANK C. HART, Deceased.

Surrogate's Court, New York County, May 26, 1936.

*Lawrence R. Condon,* for Marion Alexander Hart.

*Crawford & Sprague,* for the executors.

*Chadbourne, Stanchfield & Levy,* for Muriel Constance Woodworth Hart.

*Davies, Auerbach & Cornell,* for The Commercial National Bank and Trust Company of New York, general guardian of the property of Frank C. Hart, Jr., James A. Hart and Kerry Ann Hart, infants.

FOLEY, S. The original decision of the surrogate herein (160 Misc. 198) directed the admission of the will and codicil to probate and reserved for further determination two additional issues, (1) the status of the respective claimants as the lawful wife of the testator, (2) the domicile of the testator and whether in the State of New York or in the State of Connecticut. The former issue has now been submitted upon a stipulation as to the facts. The conceded facts contained in it admit only of the following conclusions: that the testator never acquired a *bona fide* residence in the State of Nevada and that he established only a colorable residence merely for the purpose of invoking the aid of the Nevada courts to secure a divorce from Marion Alexander Hart.

In May of 1935 the testator brought an action for divorce against his wife, Marion Alexander Hart, in the State of Nevada. The defendant did not appear or answer in the action either in person or by attorney, nor was she served with the summons within the State of Nevada. The only alleged service of process upon her in

the action was the service upon her without the State of Nevada and in the State of New York. The decree entered in the action by default on June 28, 1935, was void. (*Fisher* v. *Fisher*, 254 N. Y. 463; *Lefferts* v. *Lefferts*, 238 App. Div. 37; affd., 263 N. Y. 131; *Haddock* v. *Haddock*, 201 U. S. 562; *Olmsted* v. *Olmsted*, 190 N. Y. 458; affd., 216 U. S. 386.) The subsequent marriage of the testator in Nevada to Muriel Constance Woodworth Hart immediately after the decree of divorce was invalid.

I accordingly hold that Marion Alexander Hart is the lawful widow of the testator. Submit supplemental decree on notice accordingly.

The remaining issue of the domicile of the testator at the time of his death will be set for trial in a subsequent direction of the surrogate.