Edgar F. Hazleton, S.
This is a motion, to dismiss the probate proceeding in this court which is requested to surrender its jurisdiction to the Chancery Court of Marshall County, Mississippi. This court took jurisdiction under subdivision 3 of section 45 of the Surrogate’s Court Act, since decedent left considerable personal property in this county.
Kate Freeman Clark died on March 3, 1957 in Holly Springs, Mississippi, where she was domiciled.
On April 23, 1957 her holographic will with two codicils was propounded in Suffolk County Surrogate’s Court by Archibald R. Watson, who was named an executor, trustee and the residuary legatee.
Thereafter, on May 7, 1957, Harris Grholson and Clyde T. Freeman, the objectors herein, propounded in the Chancery Court of Marshall County, Mississippi, a photostatic copy of decedent’s will with codicils. The proceeding was ex parte, without notice to Archibald R. Watson, the petitioner herein, and on the same day that court ordered the probate of the will and two codicils, dated May 14, 1950 and July 10, 1950. Such a probate as pointed out in Martin v. Perkins (56 Miss. 204) and section 507 of the Mississippi Code of 1942, is merely prima facie proof that the will so probated, is the decedent’s last will and testament, and not at all conclusive until after the passage of two years without contest. It is not even res judicata of that fact.
On May 28, 1957 the petitioner herein was served with notice by the objectors of their petition for construction of the will and codicils in the Chancery Court of Marshall County, Mississippi. He was unable to appear.
It is significant that the attorney for the objectors at the construction hearing before the Chancellor, said: “ And I think you understand, Your Honor, that the case which has been filed by Mr. Watson in Surrogate’s Court of New York is set for hearing there on June 10, 1957, and therefore, it would be important that we try this case today.”
The Chancellor thereupon, before the following day expired, had signed and filed his construction decree, part of which held the objector Grholson instead of Watson to be the executor desired by decedent. Then came this motion to oust this court of jurisdiction and surrender same to the Chancery Court of Mississippi.
The petitioner is understandably irate at the quick maneuvers in Mississippi which resulted in flhe objector Grholson being named executor in his stead, as well as producing a construction decree most unsatisfactory to him. Mr. Watson charges *904 objectors with bad faith and contends that the construction decree is a distortion of the very face of the documents. I prefer to let the record speak for itself and am not concerned with the motives that impelled the objectors.
Admittedly, considerable personal property of decedent has been in this county for many years. The objectors argue that while it is true that the existence of property in Suffolk County does confer jurisdiction on this court, it is' also true that the exercise of such jurisdiction is not mandatory upon the court.” I subscribe to this statement, and note that the exercise of discretion should be guided by the facts of the case under consideration.
New York State, many decades ago, in recognition of the increased mobility in modern life of persons, residences, and property, and the inadequacy of the concept of domicile, endowed this court with jurisdiction to grant original probate of nonresident’s wills. (Surrogate’s Ct. Act, § 45.) It is sometimes said that this jurisdiction is discretionary, but this is not accurate. It has been said by Surrogate Folet that it is not just the right but the duty of the Surrogate to probate a nonresident’s will. (Matter of McCullough, 129 Misc. 113.) That is to say, the discretion that exists does not operate ah initio, but can come into play only if the Surrogate is first shown that the exercise of this particular power would be unjust or improper under the circumstances of the individual estate. In a case in New York County in which the Surrogate refused to grant a motion to dismiss a proceeding for the probate of a nonresident’s will, the Appellate Division affirmed, without opinion, the decision of the Surrogate rendered in this language: Cases may arise where the discretion of the surrogate may be exercised by the denial of an application for original probate in this court * * * but persuasive reasons must be presented to justify the transmission of the testamentary instrument to the State of domicile for disposition there.” (Matter of James, 167 Misc. 142, 144, affd. without opinion 254 App. Div. 723.) Such persuasive reasons .are totally absent from this proceeding.
Under such circumstances, there can be no doubt anent the duty of this court. The motion of the objectors is therefore denied in its entirety.
Proceed accordingly on notice.