Daniel Loewenthal, as ancillary executor of the estate of Kaufman Mandell, deceased, v. Max Rothschild Mandell.

170 So. 169.
Opinion Filed September 11, 1936.
Rehearing Denied October 13, 1936.

*Redfearn & Ferrell,* for Appellant;

*John M. Murrell* and *J. H. Mercer,* for Appellee.

*John Neville Boyle* as *Amicus Curiae,* of New York, Counsel for Ancillary Executor, Appellant.

WHITFIELD, C. J.—This suit relates to the due probate of a will which begins: "I, Kaufman Mandell, of the City of New York, State of New York, now residing at No. 3012 Southwest Eighth Street, Miami, Florida, being of sound and disposing mind, do hereby make, publish and declare this to be my Last Will and Testament," and concludes:

"IN WITNESS WHEREOF I have hereunto set my hand and seal this 13th day of September, A. D. 1933, Dade County, Florida."

The will disposed of property in Florida and in New York. One of the executors named in the will, a resident of New York, presented a petition for the probate of the will in the Surrogate Court in New York. In the petition it is stated:

"That the said deceased resided at the time of his death at No. 441 Ocean Avenue, Brooklyn, New York, and died at 3012 S. W. 8th St., Miami, Florida, on the 24th day of November, 1933."

That the will "relates to both Real and Personal Property."

"That decedent died without the State, but left personal property in the county of Kings."

The petition stated the names of interested parties and prayed:

"That a decree be made admitting the said Last Will and

Testament to probate as a will of real and personal property and that Letters Testamentary may be issued to the Executor thereunder.

"That a citation issue herein to the persons entitled thereto, citing them to show cause why such decree should not be made."

On March 5, 1934, the Surrogate Court decreed:

"SATISFACTORY PROOF having been made that jurisdiction has been obtained of all persons entitled to notice of this proceeding, and Judith Mandell, a distributee, having appeared herein and by her attorney, Sidney Nordlinger, Esq., filed objections and an answer herein, and thereafter by said attorney having filed a written stipulation withdrawing said objections and consenting to the probate herein, and Marie Mandell, a distributee, having appeared herein by her attorney, Bernard S. Rodey, Esq., and thereafter by said attorney having consented to the probate herein and to the entry of a decree granting probate,

"And the witnesses to said Last Will and Testament having been sworn and examined, by commission, their examination having been reduced to writing and filed, and it appearing that said Will was duly executed, and that the Testator, at the time of executing it, was in all respects competent to make a Will, and not under restraint; and this Court being satisfied of the genuineness of the Will, and the validity of its execution; and the Probate thereof not having been contested, except as hereinabove set forth,

"IT IS DECREED, that the instrument offered for probate herein be, and the same hereby is admitted to probate as the Last Will and Testament of the said KAUFMAN MANDELL, deceased, valid to pass Real and Personal Property, that the said Will and this Decree be recorded, and that Letters Tes-

tamentary be issued to the Executor, who may qualify thereunder." * * *

"KNOW YE, that in the County of Kings, at a Surrogate's Court held on the 5th day of March in the year of our Lord one thousand nine hundred and thirty-four before HON. GEORGE ALBERT WINGATE, Surrogate of our said County, the Last Will and Testament of Kaufman Mandell, late of the County of Kings, deceased, was proved and is now approved and allowed by us; and

"WHEREAS, the said deceased at the time of his death was a *resident* of the County of Kings, by reason whereof the proving and registering of the said Will, and the granting of administration of all and singular the goods, chattels and credits of the said deceased, and also the judicial settlement of the account thereof, do belong unto the Surrogate's Court of said County, the administration of all and singular the goods, chattels and credits of the said deceased, in any way concerning his Will, is granted unto Daniel Loewenthal, of 15 Central Park West, Manhattan, New York, Executor in the said Will named, he being first duly sworn, faithfully and honestly to discharge the duties of the said Executor."

The appellee here, Max Rothschild Mandell, son of the testator, is a beneficiary under the will.

On March 12, 1934, the County Judge of Dade County, Florida, upon petition filed by the executor, made the following order:

"This day came on for consideration the matter of the probate of the Last Will and Testament of KAUFMAN MANDELL, deceased, late of the County of Kings and State of New York.

"And it appearing to the satisfaction of the Court that said Last Will and Testament has been duly admitted to probate and record in Surrogate's Court in and for the County of Kings and State of New York, the same being a Court with probate jurisdiction, and a duly authenticated copy and transcript of said Last Will and Testament, and the probate thereof having been filed in this Court for record.

"It Is Thereupon Ordered, Adjudged and Decreed, That said Last Will and Testament, bearing date September 13th, 1933, and admitted to probate in said Surrogate's Court in said County of Kings and State of New York on the 5th day of March, A. D. 1934, be and the same is hereby admitted by duly authenticated copy from said Court to record in this Court as and for the Last Will and Testament of the aforesaid Kaufman Mandell, deceased.

"And It Is Further Ordered That ancillary Letters Testamentary issue to Daniel Loewenthal as prayed."

Ancillary letters testamentary were issued to the executor. Administration proceedings were had before the County Judge. On April 12, 1935, the executor petitioned for a final discharge. On May 10, 1935, Max R. Mandell presented to the County Judge of Dade County, Florida, a petition for an order denying a final discharge of the executor alleging:

"1. That he is one of the legatees named in the Will of Kaufman Mandell, deceased.

"2. That certain personal property belonging to the estate of said decedent, including the capital stock of the Mandell Holding Company, was bequeathed to him.

"3. That distribution of the assets of said estate as provided under the Will of said decedent, has not been made.

"4. That the Ancillary Executor of said estate has filed Petition for Final Discharge, and has published notice as required by law, that said petition will be brought on for hearing on May 15, 1935.

"5. That account the assets of said estate not having been distributed as provided under the Will of said decedent, the petition of the Ancillary Executor for Final Discharge should be denied.

"WHEREFORE, your petitioner respectfully moves this Honorable Court to enter an order denying the petition of the Ancillary Executor for Final Discharge and directing that the assets of said estate be distributed as provided under the Will of said decedent."

On May 24, 1935, Max Rothschild Mandell filed a petition to revoke the ancillary proceedings, "on the following grounds, to-wit:

"1. That this court has no authority under the law of this State to issue ancillary letters or entertain an ancillary proceeding in the State of Florida, upon a decedent domiciled in the State of Florida at the time of his death.

"2. That all proceedings herein are void in that the said court has no jurisdiction over the Estate of Kaufman Mandell, deceased, except original proceedings, as Kaufman Mandell was, at the time of his death, and for many years prior thereto, a *bona fide* resident of the City of Miami, County of Dade and State of Florida, and any probate proceedings in the State of Florida, regarding said Estate, would have to be an original proceeding, as there is no law in the State of Florida, allowing a domicillary will to be administered upon in this State under an ancillary administration."

A motion to strike the petition to revoke the ancillary proceedings was denied.

By answer to the motion to vacate the ancillary proceedings the executor "denies that Kaufman Mandell, deceased, was a resident of the State of Florida, and denies that this Court has issued ancillary letters or entertained ancillary proceedings in the State of Florida upon a resident of the State of Florida"; avers that:

"Max Rothschild Mandell is estopped in law and fact from asserting his petition to revoke ancillary proceedings in the above Estate, because the said Max Rothschild Mandell did, on December 11th, 1933, assent, in writing, to the said Daniel Loewenthal, filing original probate proceedings in the Surrogate's Court, Kings County of the State of New York, a copy of which assent is attached hereto and marked Exhibit No. 1, and by reference hereto is made a part hereof of this answer"; avers that:

"Max Rothschild Mandell is estopped in law and fact from asserting his petition to revoke ancillary proceedings in the above Estate, because on the 11th day of December, 1933, the Petitioner, Max Rothschild Mandell, did duly sign and execute a waiver and consent to the original probating of the Last Will and Testament of said Kaufman Mandell, Deceased, in the said Surrogate's Court, Kings County, State of New York, and caused the said waiver and consent to be thereafter filed in the said Court, a copy of said waiver and consent being attached hereto and marked Exhibit No. 2, and by reference hereto is made a part of this answer"; avers "that the Petitioner, Max Rothschild Mandell is guilty of *laches* in presenting" his "petition to revoke" the ancillary proceedings; "That the petition to revoke * * * is barred by the * * * Probate Act of 1933," "that the New

York decree of probate is "entitled to full faith and credit under the Constitution of the United States"; that such "decree * * * cannot be collaterally attacked."

Exhibits 1 and 2 referred to in the answer are as follows:

"M. R. MANDELL
"3012 S. W. Eighth Street
"Miami, Florida.

"Dec. 11, 1933.

"Mr. Dan Loewenthal,
"25 West 43rd St.
"Dear Dan—

"In reference to Father's Will I wish to, advise you that you have my approval in filing the Will in N. Y., in so doing I realize there will be an additional expense incurred. With our very best wishes to you, I am

"Sincerely,

"Max.

Exhibit No. 1.

*"Exhibit No. 2.*

"KINGS COUNTY SURROGATE COURT.

| "IN THE MATTER OF | "File No. |
|---|---|
| THE PETITION OF | P. 8835 |
| DANIEL LOEWENTHAL | 1933 |
| To PROVE THE LAST WILL AND | WAIVER |
| TESTAMENT OF | AND |
| KAUFMAN MANDELL, | CONSENT. |
| LATE OF THE COUNTY OF | |
| KINGS, DECEASED. | |

"Max Rothschild Mandell, the undersigned, being of full age, and heir and next of kin of Kaufman Mandell, Deceased, named in the petition herein, do hereby appear in person and waive the issuance and service of a citation in the above entitled matter, and consent that the Last Will and Testament of Kaufman Mandell, deceased, bearing date September 13th, 1933, be admitted to probate forthwith.

"Max Rothschild Mandell.

"State of Florida,⎱
"County of Dade. ⎰ ss

"On this 11th day of December, in the year 1933, before me personally came Max Rothschild Mandell, known to me to be the person described in and who executed the foregoing Waiver and Consent, and acknowledged to me that he executed the same.

"Viva Barrackman, Notary Public.<br>
"Commission expires March 19th, 1934

On October 11, 1935, the County Judge of Dade County, Florida, revoked the ancillary proceedings; but on October 29, 1935, the order of revocation was vacated, and further proceedings were had on the motion to revoke the ancillary proceedings resulting, January 23, 1936, in the following: "In the County Judge's Court, Dade County, Florida.

No. 6650.

"In Re: Estate of        "Orders Revoking Letters
Kaufman    Mandell,    Testamentary and Ancillary
Deceased.                        Proceedings.

"This cause coming on for hearing upon petition of Max Rothschild Mandell, for the revocation of letters testamentary heretofore granted to Daniel Loewenthal, as An-

cillary Executor of the Estate of Kaufman Mandell, deceased, after the introduction of all testimony in said cause, and the matter having been argued by counsel and the Court being fully informed concerning the matter, finds as follows:

### I.

"That Kaufman Mandell departed this life in the City of Miami, Dade County, Florida, on the 24th day of November, A. D. 1933, leaving an estate consisting solely of personal property.

### II.

"That Kaufman Mandell was, at the time of his death, a citizen of the State of Florida, residing in Dade County, his place of domicile being at No. 3012 Southwest 8th Street, in the City of Miami, Dade County, Florida.

### III.

"That the laws of Florida, applicable in said cause, provide that the will of a resident of the State of Florida, whose domicile is within said State at the time of the death of such domiciliary resident, shall be probated only in an original proceeding.

"It Is, Therefore, Considered, Ordered, Adjudged and Decreed, that letters testamentary heretofore issued to Daniel Loewenthal on the 12th day of March, A. D. 1934, as Ancillary Executor of the Last Will and Testament of Kaufman Mandell, deceased, be, and the same are hereby revoked, cancelled and set aside; and that certain order admitting the exemplified copy of the Last Will and Testament of the said Kaufman Mandell, deceased, to probate and record as an ancillary proceeding made and entered on the 12th day of March, 1934, be and the same is hereby vacated, cancelled, and set aside.

"It Is Further Ordered, Adjudged and Decreed that Daniel Loewenthal be, and he is hereby ordered and directed to produce and offer for probate in this Court, the original will of Kaufman Mandell, deceased, or in lieu thereof, an exemplified or certified photostatic copy of said will, within fifteen (15) ·days from the date of service of this order.·

"It Is Further Ordered, Adjudged and Decreed, that upon failure of Daniel Loewenthal to comply with the terms of this order, a Curator be appointed to hold and preserve the assets of said estate until such time as the said Daniel Loewenthal or some other person interested in said estate shall offer said will for probate in the manner and form herein provided."

The order above quoted was affirmed on appeal to the Circuit Court. From such order affirmance by the Circuit Court, an appeal was taken to this Court. Sec. 5, Art. V, Constitution of Florida; Secs. 4642 (2923) C. G. L.; Finch v. Bonar, 46 Fla. 246, 35 So. 189.

The statutes of Florida provide that:

"The venue of probate of all wills and granting of letters of administration shall be:

"(a) In the county in this State where the decedent had his domicile.

"(b) If the decedent has no domicile in this State, then in any county in which the decedent was possessed of any property.

"(c) If the decedent had no domicile in this State, and was possessed of no property in this State, then in the county where any debtor of the decedent may reside.

"(d) For the purpose of this section a married woman whose husband is an alien or a non-resident of Florida may establish or designate a separate domicile in this State."

(Sec. 5541 [6], Supplement to Revised General Statutes of Florida; Chap. 16103, Acts of 1933, Sec. 43.)

The statutes of the State of New York provide that:

"The surrogate's court of each county has jurisdiction, exclusive of every other surrogate's court, to take the proof of a will, and to grant letters testamentary thereupon, or to grant letters of administration, as the case requires, in either of the following cases:

"1. Where the decedent was, at the time of his death, a resident of that county, whether his death happened there or elsewhere.

"2. Where the decedent, not being a resident of the State, died within that county, leaving personal property within the State, or leaving personal property which has, since his death, come into the State, and remains unadministered.

"3. Where the decedent, not being a resident of the State, died without the State, leaving personal property within that county, and no other; or leaving personal property which has since his death, come into that county, and no other, and remains unadministered.

"4. Where the decedent was not, at the time of his death, a resident of the State, and a petition for probate of his will, or for a grant of letters of administration, under subdivision two or three of this section, has not been filed in any surrogate's court; but real property of the decedent, to which the will relates, or which is subject to disposition under article thirteen of this act, is situated within that county, and no other."

(Laws of New York, 1920, Vol. IV, Chap. 928, p. 547. See 75 A. L. R. 1251.)

"Probate of a will must be made primarily at the domicile of the decedent, the will being governed by that law. Probate there is binding on all questions as to the legality of the

will with regard to personal estate elsewhere, but not on the existence of domicile there, if it is disputed in another court by anyone not a party to the prior proceedings, for the question of domicile being jurisdictional so far as establishing the validity of the will outside the State of domicile is concerned, that cannot be established if the domicile is disputed. But no party to the prior litigation can deny a finding of domicile there, since the court had jurisdiction to find domicile for the purpose of disposing of the estate there, and parties are therefore bound." Sec. 469.1; Beal's Conflict of Laws, Vol. 3. Administration and Procedure, pp. 1463-7, 5 R. C. L. 1012 and cases cited under Note 3.

"A will may be probated in a State not the domicile, and must be so probated before distribution can be ordered in the State. By what seems to be the better view, a will may be probated in a foreign State, though it has not been so probated at the domicile, though there is perhaps equal authority the other way." Sec. 459.2; Thomas Kay M. Co. v. Sprague, 259 Fed. 338; *In re* McCullough's Estate, 129 Misc. 113, 221 N. Y. S. 535.

"Where the will has been admitted to probate in one State without awaiting decision on its validity by the courts of the domicile, it seems clear that this determination is not conclusive of its validity when the will is subsequently offered for probate at the domicile. Of course, parties to the first proceeding may be precluded from relitigating questions of fact under the doctrine of *res adjudicata*. And if the ancillary State has denied probate this should not bar the domicile from probating the will." Sec. 470.1, paragraph 3; *In re: Clark's Estate,* 148 Cal. 108, 82 Pac. 760.

"Although the courts of another State have found the domicile of the deceased to be there, this does not conclude another court from investigating the questions anew, since

the fact of domicile is a jurisdictional fact, and a court cannot enlarge its own domicile by a mere finding of fact; if the first State is not in fact the domicile, its finding was void, except for the estate there." Sec. 470.1, paragraph 7; *In re:* Fischer's Estate, 151 Misc. 74, 271 N. Y. S. 101; Denny v. Searles, 150 Va. 701, 143 S. E. 484.

(Beale's Conflict of Laws, Vol. 3, Administration and Procedure, pp. 1463-7.)

*In re:* Bloom's Estate, 213 Cal. 575, 2 Pac. (2d) 753; 5 R. C. L. 1021, Sec. 109.

Max Rothschild Mandell, a beneficiary of the will, appeared in the probate proceedings in the New York Court and he is bound by the adjudication not appealed from. He also appeared in the ancillary proceedings in the Florida Probate Court not appealed from, and is bound thereby.

However, other interested parties, including the State of Florida, who are not bound by the New York probate proceedings or by the Florida ancillary proceedings, may in appropriate proceedings duly taken, assert their rights by appropriate proceedings in the State of Florida. Kennan on Residence and Domicile, p. 620; Thormann v. Frame, 102 Wis. 653, 79 N. W. 39; Concha v. Concha, 11 App. Cas. 541; Thorman v. Frame, 176 U. S. 350, 20 Sup. Ct. 446; 44 L. Ed. 500; Overby v. Gordon, 177 U. S. 214, 20 Sup. Ct. 603, 44 L. Ed. 741; Baker v. Baker, Eccles & Co., 242 U. S. 394, 37 Sup. Ct. 152, 61 L. Ed. 386; Tilt v. Kelsey, 207 U. S. 43, 28 Sup. Ct. 1, 52 L. Ed. 95; *In re:* Barney's Will, 94 N. J. Eq. 392, 120 Atl. 513; Willett's Appeal from Probate, 50 Conn. 330; Dallinger v. Richardson, 176 Mass. 77, 57 N. E. 224; Matter of Horton, 217 N. Y. 363, 111 N. E. 1066, Ann. Cas. 1918A 611.

If the decedent's domicile was in Florida at his death, the probate of his will in New York does not bar proper probate

proceedings duly taken in the Florida Court by the State so as to collect its taxes, or by parties interested in decedent's estate who are not bound by the probate proceedings already had.

Even if the will may be probated in New York under the law of that State, upon the theory that the decedent was a *resident* of that State, such probate will not preclude a probate of the will in Florida upon timely action and due proof that the decedent's *domicile* was in Florida at his death, if the party seeking the probate of the will is not bound by previous probate proceedings. See *In re:* Crane's Estate, 205 Mich. 673, 172 N. W. 583.

Reversed without prejudice.

ELLIS, P. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

BROWN, J. (concurring).—It seems that the weight of the New York decisions is to the effect that the word "resident" as used in the New York statute means a person domiciled in that State. This would render the judgment of the New York Court *res judicata* on that question so far as this appellee is concerned, he having personally appeared in the New York Court.