HOFFERD, ADMINISTRATOR *v.* COYLE, EXECUTOR ET AL.

[No. 26,783. Filed June 1, 1937. Rehearing denied September 30, 1937.]

*B. F. Welty* and *Bailey & Bailey,* for appellant.

*Albert H. Cole,* for appellees.

HUGHES, J.—Kathryn L. Hofferd died a resident of Allen County, Ohio. She left debts, including funeral expenses and costs of administration, in the sum of fifteen hundred dollars without leaving a personal estate sufficient to pay the same. Charles W. Hofferd, on April 15, 1935, was appointed administrator of her estate by the probate court of Allen County, Ohio. The decedent at the time of her death was the owner of real estate of the probable value of six thousand dollars in Miami County, Indiana. On April 17, 1935, James F. Coyle, a brother of said decedent and a resident of Miami County, Indiana, offered for probate in the Miami Circuit

Court, Miami County, Indiana, the last will and testament of said decedent, which was duly probated in said Miami Circuit Court. That by the terms of said will said James F. Coyle was nominated executor and on April 17, 1935, he was duly qualified and appointed as such executor.

The appellant, by his complaint, contends that by reason of the residence and domicile of the decedent her will should have been filed for original probate in the probate court of Allen County, Ohio; that the Miami Circuit Court did not have jurisdiction to probate said will until after it had been probated in Allen County, Ohio, and that the probation of the same in the Miami Circuit Court, Miami County, Indiana, was in contravention of §1, Article 4 of the Constitution of the United States. The prayer of the complaint was that the letters testamentary issued to James F. Coyle be revoked and set aside and that the will be deposited with the probate court of Allen County, Ohio.

The appellees filed a demurrer to the complaint of appellant which was sustained by the lower court. The appellant refused to plead further and judgment was rendered for appellees. The only error assigned is the sustaining of the demurrer.

We think there is no question that the court was correct in its ruling upon the demurrer. The validity of the probate of the will of said decedent in the Miami Circuit Court seems to be settled by the provisions of §7-403 Burns' Indiana Statutes Annotated 1933, §3377 Baldwin's Ind. St. 1934, which is as follows:

"*Where probated.*—Proof of last will may be taken in any county:

First. Where the testator, immediately previous to his death, was an inhabitant of such county.
Second. When the testator, not being an inhabi-

tant of this state, shall die in such county, leaving assets therein.

Third. Where the testator, not being an inhabitant of this state, shall die out of this state, leaving assets in such county.

Fourth. Where a testator, not being an inhabitant of this state, shall die out of state, not leaving assets in such county thereafter."

We thus see that said section specifically provides that:

"Proof of last wills may be taken in any county: . . . When the testator, not being an inhabitant of this state, shall die out of this state leaving assets in such county."

Under said provision we can conceive of no reason why, under the circumstances of the instant case, the appointment of James F. Coyle, as executor, by the Miami Circuit Court was not legal and valid. The decedent at the time of her death was the owner of real estate in Miami county; she was not an inhabitant of Indiana and died in Ohio. Every essential fact was present to give the Miami Circuit Court jurisdiction to probate said will and appoint Coyle as executor.

It is contended by appellant that the action of the Miami Circuit Court in probating said will was in contravention of §1, Article 4 of the Constitution of the United States, which provides that:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every state . . ."

We can not see wherein this constitutional provision is violated. There has been no denial of full faith and credit to any public act, record, or judicial proceeding of Ohio. The appointment of an administrator in the Allen County Probate Court of Ohio could not affect the disposition of the real estate in Indiana if provided for in the will of said decedent. Title to and the disposition of real property either by deed, will, or otherwise is governed exclusively by the law of the state where it is

situated. *The Evansville Co.* v. *Winson* (1897), 148 Ind. 682, 48 N. E. 592.

> "At common law, the probate of a will in one state was of no validity whatever as affecting the title to lands in another. . . . The law of the place where real estate is situated governs the formality of the transfer of such property, and at common law the original will could be probated wherever there was real property devised thereby."

*Parnell* v. *Thompson* (1909), 81 Kans. 119, 105 Pac. 502, 33 L. R. A. (N. S.) 658; *Robertson et al.* v. *Pickerell* (1883), 109 U. S. 608, 3 S. Ct. 407. The provision of part 3 of §7-403 (§3377 Baldwin's), *supra,* is merely declaratory of the common law.

After an examination of many cases upon the question involved we think the annotation contained in the case of *Parnell* v. *Thompson, supra,* expresses fully the weight of authority upon the subject, and is as follows:

> "With the exception of two cases, both of which are based upon a construction of local statutes, it is uniformly held that where assets are found within a state, the courts of probate of that state have jurisdiction to grant original probate of a foreign will. In some states such jurisdiction is expressly given by statutes, which are, however, characterized by the courts as merely declaratory of the common law.
>
> "But the exercise of original jurisdiction over the estate of non-residents affects, and can affect only the property within the state. The judgment admitting the will to probate is valid in all other states only as to property within the jurisdiction of the court pronouncing the judgment. It has no extraterritorial force, establishes nothing beyond that, and does not dispense with nor abrogate the formalities and proofs which may be exacted by other jurisdictions in which the deceased also left property subject to their laws of administration."

Citing many cases.

And regardless of what the law may be in other jurisdictions, it is definitely fixed by statute in this state

that under the facts as presented in the instant case the Miami Circuit Court had jurisdiction to probate the will of said decedent and to appoint the person named in the will as executor thereof. The demurrer was properly sustained to the complaint.

Judgment affirmed.