## In re BAZINET'S ESTATE.
### No. 16153.

County Judge's Court, Palm Beach, County.

December 30, 1960.

John C. Williams and Arthur T. Holloway, both of Delray Beach, for proponent.

Clyde T. Windham, West Palm Beach, for respondent.

RICHARD P. ROBBINS, County Judge.

This cause came on to be heard before me upon the petition of Aurelie Bazinet for domiciliary probate of the last will and testament of William J. Bazinet, deceased, the answer and objections to said petition and the cross petition for ancillary letters testamentary by Donald Bazinet, and there appearing before the court the said Aurelie Bazinet and Donald Bazinet, personally and by their respective attorneys, and the court having considered the evidence presented by both parties and being fully informed in the premises, finds as follows —

That this court has jurisdiction to determine the domicile of the decedent William J. Bazinet, notwithstanding the fact that such domicile has previously been determined by a New Hampshire court in favor of a New Hampshire domiciliation. Loewenthal v. Mandell (1936), 125 Fla. 685, 170 So. 169; Torrey v. Bruner (1910), 60 Fla. 365, 53 So. 337; Riley v. N. Y. Trust Co. (1942), 315 U.S. 343, 356, 86 L. Ed. 885, 62 S.C. 615.

That the petitioner Aurelie Bazinet, surviving widow of the decedent William J. Bazinet, being a mature woman with education and business experience, who had actual knowledge and statutory notice of the prior New Hampshire domiciliary probate proceedings, assisted in said proceedings, had independent legal advice concerning same, acquiesced therein, made no objection thereto, took no direct appeal therefrom, and received benefits from such estate, is bound by such New Hampshire proceedings and cannot now collaterally attack same in Florida. Loewenthal v. Mandell, supra; Barry v. Walker (1931 Fla.), 137 So. 711; Torrey v. Bruner, supra; Campbell v. Chapman (1941), 145 Fla. 647, 1 So. 2d 278; In re Martin's Estate (1944 Sur.), 58 N.Y.S. 2d 567; In re Pierson's Estate (1932), 144 Misc. 851, 259 N.Y.S. 551; Kelley v. Peters (1937), 299 Mass. 166, 12 N.E. 2d 184, 28 A.L.R. 2d 171, sec. 19; Barnett National Bank v. Murrey (1950 Fla.), 49 So. 2d 535, 21 A.L.R. 2d 1452; In re Purdy's Estate (1951 Fla.), 54 So. 2d 112.

That the decedent William J. Bazinet, who lived nearly his entire life in New Hampshire, where he raised a family, acquired both real and personal property, including income property and a home, belonged to various clubs and organizations, maintained several savings accounts and a checking account, practiced his trade of barbering, and held a resident barber's license as well as

a resident hunting and fishing license, was a registered voter and paid his poll tax, filed his federal income tax returns and paid said taxes, and received all of his medical care and attention there, who began making annual winter trips to Florida seven or eight years prior to his death, spending four to six months each year, where he acquired two unimproved parcels of realty and one lot upon which he had constructed a duplex dwelling in 1957, living in one unit on his last visit, worked as a barber and carried a Florida license plate on his car, did not maintain a bank account of any kind, stated on several occasions that he intended to change his residence to Florida, on several other occasions that he considered himself a resident of Florida, on still other occasions that he considered himself a resident of New Hampshire and not of Florida, constantly referred to New Hampshire as home, filed a declaration of domicile on January 10, 1958, wherein he stated that he had been a resident of Florida since November 27, 1957, died four days later at the age of 62 years and was returned to New Hampshire where he was buried in his family burial plot beside his first wife, was, at the time of his death, domiciled in and a resident of the state of New Hampshire. Fowler v. Fowler (1945), 156 Fla. 316, 22 So. 2d 817; 11 Fla. Jur., Domicil and Residence, §§ 27 & 31; Smith v. Croom (1857), 7 Fla. 81; Bloomfield v. St. Petersburg Beach (1955 Fla.), 82 So. 2d 364; Wade v. Wade (1927), 93 Fla. 1004, 113 So. 374; Texas v. Florida (1939), 306 U.S. 398, 83 L. Ed. 817, 57 S.C. 563; Miller v. Nelson (1948 Fla.), 35 So. 2d 288, 290; Campbell v. Campbell (1952 Fla.), 57 So. 2d 34; 11 Miami Law Quarterly 387; 121 A.L.R. 1178; In re Reighard's Estate (1955), 381 Pa. 304, 113 A. 2d 305.

That the last will and testament of William J. Bazinet, deceased, is a proper subject for ancillary administration herein and entitled thereto.

That petitioner Donald Bazinet, surviving son of decedent, is qualified to act as ancillary executor of said will and having been named sole executor therein is entitled to such appointment.

Therefore, upon consideration thereof, it is ordered and adjudged as follows —

That the petition of Aurelie Bazinet for domiciliary probate of the last will and testament of William J. Bazinet, deceased, is denied.

That the order of probate, order appointing the First National Bank of Delray Beach administrator of the estate of William J. Bazinet, deceased, and the letters testamentary c.t.a. entered and

issued herein on September 14, 1959, are all revoked, canceled and set aside.

That petitioner Donald Bazinet is appointed ancillary executor of the last will and testament of William J. Bazinet, deceased, and ancillary letters testamentary shall issue to him upon his filing the required oath and posting bond in an amount to be set by this court.