161 So.2d 538 (1964)
In re Estate of Edward Biederman, Deceased.
Lester M. BIEDERMAN, Appellant,
v.
Bert C. CHEATHAM, Executor of the Estate of Edward Biederman, Appellee.
Nos. 3574-3576.
District Court of Appeal of Florida. Second District.
February 14, 1964.
*540 James Lawrence King, of Sibley, Grusmark, Giblin, King & Levenson, Miami Beach, for appellant.
Bart E. Sullivan, of Sullivan, Musselman & Cochran, Pompano Beach, for appellee.
SMITH, Chief Judge.
On April 2, 1962, the appellee, Bert C. Cheatham, filed a petition for probate of will in the County Judge's Court for Broward County. The petition alleged that Edward Biederman died testate on March 24, 1962, in and while domiciled at Hollywood, Broward County, Florida; that at the time of his death the decedent was seized and possessed of an estate situated in Broward County, which estate consisted of personal property described as "cash, stocks and bonds"; and that the decedent was not seized or possessed of any real property situated in Florida. The will offered for probate was dated February 23, 1962, and it recited that at that time the testator was a resident of Broward County, Florida. In the will, the testator appointed as executors Bert C. Cheatham and Lester Biederman, the appellant here.
The County Judge's Court for Broward County issued a citation to Lester M. Biederman, requiring him to file written objections to the admission of the will for probate or to qualify as coexecutor. The citation was served upon Biederman by delivery of a copy to him at his place of residence in Traverse City, Michigan.
On March 26, 1962, in the probate court in Michigan, Lester M. Biederman had been appointed as the special administrator of the estate of the decedent. The appellee Cheatham was not a party to those proceedings.
The appellant Biederman appeared in the Broward County probate proceedings, contending first that the County Judge's Court was without jurisdiction to determine the question of the decedent's domicile because there was no property of the decedent located in the State of Florida; and secondly, that the decedent was not a resident of the State of Florida at the time of his death.
Biederman has filed three appeals from two orders entered by the County Judge's Court. From an order denying his motion for a continuance, the appellant filed an interlocutory appeal (Case No. 3575); from an order admitting the will to probate and appointing the appellee as executor, appellant filed an interlocutory appeal (Case No. 3576) and a full appeal (Case No. 3574).
Article V, § 5(3), Fla. Const., 26 F.S.A., limits appeals from the County Judges' Courts pertaining to probate matters to appeals from only final orders or decrees. Here, the order denying the motion for continuance is interlocutory and not final; the appeal taken therefrom is designated an interlocutory appeal. Rule 4.2, subd. (a), Florida Appellate Rules, 31 F.S.A., sets forth all those types of interlocutory orders from which interlocutory appeals may be taken. This rule does not and could not permit interlocutory appeals from orders of County Judges' Courts pertaining to probate matters. The interlocutory appeal taken in Case No. 3575 is dismissed.
As between the parties, the order admitting the will to probate and record and appointing an executor is a final order, by *541 virtue of which the judicial labors of the lower court were terminated and completed on the question of the probate of the will and the appointment of the executor; therefore, the interlocutory appeal from that order taken in Case No. 3576 is dismissed. This leaves remaining the full appeal, taken in Case No. 3574, from the final order admitting the will to probate and appointing an executor.
The record discloses that the only assets of the decedent which were located in Florida were intangible personal property consisting of an account in a commercial bank and an account in a savings and loan association. The decedent did own real and personal property situated in other states of the Union. The bulk of the decedent's assets was in the form of corporate stock which he owned in two Michigan corporations. The certificates evidencing these shares of stock were actually located in the State of Michigan. One of these corporations owned some property situated in Florida.
The first question for our consideration is whether or not the County Judge's Court had jurisdiction to entertain probate proceedings and adjudicate the question of the decedent's place of domicile  in the absence of a showing that there was some real or tangible personal property actually located in the State of Florida.
At the outset it must be borne in mind that this question of the jurisdiction of a probate court is not controlled by the decisions pertaining to in personam jurisdiction of courts, wherein it is held that a judgment purporting to bind the person of a defendant over whom the court has not acquired in personam jurisdiction is void within the state in which the judgment was entered as well as without that state. Pennoyer v. Neff, 1878, 95 U.S. 714, 24 L.Ed. 565. Nor is the question for determination here controlled by the well-known principle of law that an in rem judgment dealing with property outside the forum state is void both within the forum state and outside because a court may not enter a judgment affecting an interest in property over which the court has no jurisdiction. Hanson v. Denckla, 1958, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283; Matz v. O'Connell, Fla. App. 1963, 155 So.2d 705.
The County Judge's Court is not a court of general jurisdiction under the common law; therefore, its jurisdiction must appear by its records, and the rule of presumption as to jurisdiction is not applicable in that court. Krivitsky v. Nye, 1944, 155 Fla. 45, 19 So.2d 563. Pursuant to Article V, § 7(3), Fla. Const., 26 F.S.A., the County Judge's Court has jurisdiction of the settlement of the estates of decedents and to discharge the duties usually pertaining to courts of probate. The Florida Probate Law, § 732.36, Florida Statutes, F.S.A., prohibits any person from procuring the probate of the will of a person who has died a resident of this state, in any other state or country prior to the probate of the will in this state.
The probate of a will is a judicial proceeding to establish the legal status of the purported will and to furnish the means of establishing by record evidence the validity of rights existing thereunder. Probate is not an action; it is in the nature of a proceeding in rem.[1] As between different states or nations, jurisdiction to admit to probate the will of a decedent depends upon his domicile at the time of his death or upon the location of his property at that time, or both. The theory in many states in which the common law is in force is that the state within whose territorial limits the testator was domiciled at the time of his death may *542 admit his will to probate.[2] In a few cases the courts have refused to admit to probate the will of a testator who was domiciled in their jurisdiction where it appeared that no property rights within such jurisdiction could be controlled by such will; however, in by far the greater number of states in which the common law is in force, the validity of a testament which passes personal property is determined by the law of the testator's domicile at the time of his death.[3] For this reason the adjudication, by the proper court of the state in which the testator was domiciled at the time of his death, of the matter of the validity or invalidity of his testament which passes personal property is recognized by courts of other states in which his personal property might be situated as a finality with reference to such testament. This rule of conflict of laws necessarily requires that jurisdiction be vested in the court of the testator's domicile. Such jurisdiction is necessary because the courts of many states will not grant original probate of the will where the testator was not domiciled in that state  even though the testator owned property situated within such state. The recital in his will of the testator's domicile, although not conclusive, is material. The decision of the court of one state to the effect that the testator is domiciled there is not binding, in the courts of other states, upon persons who are not parties to the proceedings in the first state  even under the full faith and credit clause of the Federal Constitution.[4] Other states in which the property is situated may determine such question, each state for itself, without reference to the decree of the state which passed upon that question first in point of time. If the evidence on the question of domicile is conflicting, the United States Supreme Court will not reverse the judgment of a state court which ignores the judgment of a court of the state in which the will was first admitted to probate.[5] On the other hand, one who was a party to the proceedings in the first state is bound by the judgment of such court even upon the question of the testator's domicile.[6] The state in which the testator's property is located has jurisdiction over the property, and it has the power to grant original probate without waiting for the courts of the testator's domicile to pass upon the question of the validity of the will.[7] The courts of many states decline to exercise such jurisdiction unless sufficient reason is shown for acting before the court of the state in which the testator was domiciled. It has been held that the presence of bank deposits within the limits of a state gives jurisdiction to the courts of that state on the theory that such deposits are property within the state.[8] The fact that one or more of the executors objects to an original probate does not prevent the court from exercising jurisdiction.[9] The court within whose jurisdiction property is situated is not precluded from admitting the will to probate by the action of the court of the testator's domicile in admitting the will to probate there.[10] In some states the courts within whose jurisdiction *543 property is situated decline to exercise their jurisdiction to admit the testator's will to probate, in order to give an opportunity to the court of the testator's domicile to act.[11] If the testator is not domiciled within the state and has no property therein, the courts of such state have no jurisdiction to admit the will to probate. For reference to, and a more extensive discussion of, the principles enumerated in this paragraph, see 3 Bowe-Parker: Page on Wills, §§ 26.3, 26.14 and 26.15.
In Loewenthal v. Mandell, 1936, 125 Fla. 685, 170 So. 169, the Supreme Court was considering an appeal involving a factual situation similar to that of the case at bar. The Court reviewed appropriate authorities as follows:
"`Probate of a will must be made primarily at the domicil of the decedent, the will being governed by that law. Probate there is binding on all questions as to the legality of the will with regard to personal estate elsewhere, but not on the existence of domicil there, if it is disputed in another court by anyone not a party to the prior proceedings, for the question of domicil being jurisdictional so far as establishing the validity of the will outside the state of domicil is concerned, that cannot be established if the domicil is disputed. But no party to the prior litigation can deny a finding of domicil there, since the court had jurisdiction to find domicil for the purpose of disposing of the estate there, and parties are therefore bound.' Section 469.1, Beale's Conflict of Laws, vol. 3, Administration and Procedure, pp. 1463-1467; 5 R.C.L. 1012, and cases cited under note 3.
"`A will may be probated in a state not the domicil, and must be so probated before distribution can be ordered in the state. By what seems to be the better view, a will may be probated in a foreign state though it has not been so probated at the domicil, though there is perhaps equal authority the other way.' Section 469.2, Beale, supra; Thomas Kay Woolen Mill Co. v. Sprague (D.C.) 259 F. 338; Matter of McCullough's Estate, 129 Misc. 113, 221 N.Y.S. 535.
"`Where the will has been admitted to probate in one state without awaiting decision on its validity by the courts of the domicil, it seems clear that this determination is not conclusive of its validity when the will is subsequently offered for probate at the domicil. Of course parties to the first proceeding may be precluded from relitigating questions of fact under the doctrine of res adjudicata. And if the ancillary state has denied probate this should not bar the domicil from probating the will.' Section 470.1, paragraph 3, Beale, supra; In re Clark's Estate, 148 Cal. 108, 82 P. 760, 1 L.R.A. (N.S.) 996, 113 Am.St.Rep. 197, 7 Ann.Cas. 306.
"`Although the courts of another state have found the domicil of the deceased to be there, this does not conclude another court from investigating the questions anew, since the fact of domicil is a jurisdictional fact, and a court cannot enlarge its own domicil by a mere finding of fact; if the first state is not in fact the domicil, its finding was void, except for the estate there.' Beale's Conflict of Laws, vol. 3, Administration and Procedure, pp. 1463-1467, section 470.1, par. 7; Matter of Fischer's Estate, 151 Misc. 74, 271 N.Y.S. 101; Denny v. Searles, 150 Va. 701, 143 S.E. 484; In re Bloom's Estate, 213 Cal. 575, 2 P.2d 753; 5 R.C.L. 1021, § 109."
*544 In conformity with the foregoing authority, we hold that the County Judge's Court did have jurisdiction to entertain the probate proceedings and to adjudicate the question of the place of the decedent's domicile, even though the record does not show that the decedent owned any real or tangible personal property actually located in the State of Florida.
Although we have heretofore dismissed the interlocutory appeal taken from the order denying the respondent Biederman's motion for continuance, we nevertheless review the propriety of that order by virtue of the fact that it was assigned as error and argued in appellant's brief on the appeal from the final judgment in Case No. 3574. The action of a trial court on an application for a continuance will not be disturbed by the appellate court unless the complaining party clearly shows that there has been an abuse of judicial discretion. The record here does not demonstrate such an abuse. Upon motion of the respondent Biederman, the court appointed two commissioners for the purpose of taking the testimony of respondent's non-resident witnesses. When such testimony had not been concluded as the time for trial neared, the court, on respondent's motion, continued the cause. When the cause came on for trial, 49 days had elapsed since the appointment of the commissioners and only 28 of the 36 witnesses listed in the Notice of Taking had been deposed. The court granted another continuance for a further 6-day period in order to await the arrival of the depositions. When the cause came on for trial at the expiration of this period, the respondent filed another sworn motion for continuance. The depositions that had been taken were for the most part cumulative of the other witnesses' testimony pertaining to the domicile of the decedent prior to the year 1962. The evidence submitted by the appellee was to the effect that the decedent changed his domicile from Michigan to Florida during 1962. The respondent's motion for continuance did not recite that any of the 8 witnesses not yet deposed would offer any testimony other than that which was cumulative to the other witnesses. Under these circumstances, the court did not abuse its discretion in denying the motion. See Florida East Coast Railway Co. v. Smith, 1911, 61 Fla. 218, 55 So. 871.
The appellant's final contention is that the lower court erred in finding that the decedent was domiciled in Florida at the time of his death. By the testimony of numerous witnesses, the record clearly establishes that the decedent was a resident of the State of Michigan until approximately the time of the execution of his will; that after this time the decedent continued to maintain an address in Michigan, from which most of his business was transacted; and that he failed to notify his attorney, business associates, friends and acquaintances in Michigan that he had changed his domicile to Florida. On the other hand, in support of the probate court's finding that the decedent was a resident of Florida at the time of his death in March of 1962, there was evidence to the effect that decedent was undecided as to whether or not he should change his domicile to Florida when he discussed the matter of the drafting of his will, and at his direction two drafts of the will were prepared in identical form, except that one draft recited that he was a resident of Florida and the other recited that he was a resident of Michigan. Approximately one month before his death, the decedent executed the will reciting that he was a resident of Florida, and he destroyed the draft reciting that he was a resident of Michigan. After execution of the will, the decedent went to the County Courthouse and secured forms of declaration of domicile and forms of tax returns stating that he had become a resident of Florida. He had plans and specifications prepared for the construction of a new home in Florida, and he was actually maintaining a home in Florida, where he died.
*545 The determination of residence or domicile is said to be a mixed question of law and fact. The ascertainment of the intention of the decedent, through determination of the facts as to what he did and did not do on the question of residence or domicile, as determined by the probate court, is given the same weight by the appellate court as the findings of any other trier of fact. See Pancoast v. Pancoast, Fla.App. 1959, 107 So.2d 787. These findings will not be disturbed unless clearly erroneous or against the manifest weight of the evidence. There is substantial, competent evidence to support the findings resulting in the determination that the decedent was domiciled in the State of Florida at the time of his death.
The judgment is affirmed.
ALLEN, J., and SMITH, D.C., Associate Judge, concur.
NOTES
[1] Street v. Crosthwait, 1938, 134 Fla. 158, 183 So. 820; Trotter v. Van Pelt, 1940, 144 Fla. 517, 198 So. 215, 131 A.L.R. 1018; And see Thomson v. Butler, 8 Cir.1943, 136 F.2d 644; Spears v. Spears, 6 Cir.1947, 162 F.2d 345.
[2] See Canterbury v. Mandeville, 7 Cir.1942, 130 F.2d 208, reversed on another question in Mandeville v. Canterbury, 1943, 318 U.S. 47, 63 S.Ct. 472, 87 L.Ed. 605.
[3] 1 Bowe-Parker: Page on Wills, § 3.2 et seq.
[4] Riley v. New York Trust Co., 1942, 315 U.S. 343, 62 S.Ct. 608, 86 L.Ed. 885; Loewenthal v. Mandell, 1936, 125 Fla. 685, 170 So. 169.
[5] Burbank v. Ernst, 1914, 232 U.S. 162, 34 S.Ct. 299, 58 L.Ed. 551.
[6] Riley v. New York Trust Co., supra, note 4.
[7] Murphy v. Murphy, 1936, 125 Fla. 855, 170 So. 856; and see Annotation, 119 A.L.R. 491.
[8] In re Glassford's Estate, 1952, 114 Cal. App.2d 181, 249 P.2d 908, 34 A.L.R. 2d 1259.
[9] In re Holden's Estate, 1938, 110 Vt. 60, 1 A.2d 721, 119 A.L.R. 487.
[10] Hofferd v. Coyle, 1937, 212 Ind. 520, 8 N.E.2d 827.
[11] In re Holden's Estate, supra, note 9.