RAWLS, Acting Chief Judge.
John A. Curtiss, ancillary administrator in Hillsborough County, filed his suggestion for writ of prohibition in this Court seeking an order prohibiting the judges of the County Judge’s Court in Santa Rosa County from proceeding further in probating the estate of Joseph Dennis Collins, a/k/a Clarence Dennis Falvey and G. Morancy, deceased.
Joseph Dennis Collins, born Clarence Dennis Falvey, died April 16, 1966, while living in Santa Rosa County, Florida. He is buried in Escambia County. He had no relatives in Florida. His driver’s license reflected a Fulton County, Georgia, address and the same was put on his death certificate. There is no evidence before this Court as to how long he had lived in Florida, or his intention in coming to Florida.
Less than one month after Collins died Frank Fuller, County Administrator of Fulton County, Georgia, applied for letters of administration. His application states that deceased with no known heirs was a resident of Fulton County and had a probable estate of the value of $16,000.00, but his petition does not state where the estate is located. Letters of administration issued to Fuller on June 6, 1966, recite that whereas deceased died a resident of Fulton County and was possessed with an estate, “real and personal, within this State,” the power of disposition belongs to the Court of Ordinary, Fulton County, Georgia. Thereafter at Fuller’s request, petitioner Curtiss of Hillsborough County, Florida, applied for and was issued ancillary letters of administration on August 17, 1966, by virtue of the fact that decedent was the owner of $16,000.00 located in a safe-deposit box in the First National Bank of Tampa.
On August 30, 1966, Thomas Franklin West, attorney in fact for Joseph D. Falvey of Massachusetts, the only heir of decedent, was granted domiciliary letters of administration by the County Judge’s Court in Santa Rosa County. West’s petition reflects that decedent died a citizen and resident of Gulf Breeze, Santa Rosa County, possessed of $1,500.00 cash, a 1963 Oldsmobile, certain listed personal property, keys to ten safe-deposit boxes, and safe-deposit receipts from banks in Miami Beach; Tampa; Memphis, Tennessee; and El Dor-ado, Arkansas. These receipts reflect decedent’s various addresses — one in Miami; one in Memphis, Tennessee; and one in Little Rock, Arkansas. The letters granted to West recited that decedent was late of Santa Rosa County and died possessed of an estate in Florida. The County Judge’s Court in Santa Rosa County proceeded to administer the estate, ordered the sale of the car, and paid part of deceased’s $1,236.00 funeral bill, a $553.50 car storage bill, and other expenses.
On November 26, 1968, respondent Judge McCall, sitting as a Court of Probate in Santa Rosa County, entered his order directing ancillary administrator Curtiss to deliver the $16,000.00 found in Hills-borough County to the County Judge’s Court of Santa Rosa County or to' show cause. Curtiss’s response showed that the bank refused to release same due to conflicting claims. On February 17, 1969, the Santa Rosa County Judge’s Court issued a *356 similar order directing the Tampa bank to deliver to West access to the safe-deposit box containing $16,000.00. The bank in due course advised petitioner Curtiss that it would not appeal the Rule to Show Cause issued against it.
Curtiss filed the instant petition for writ of prohibition on the grounds that the County Judge’s Court of Santa Rosa County (1) was without jurisdiction to issue letters of administration because the Court of Ordinary, Fulton County, Georgia, is vested with priority of jurisdiction, (2) is, in effect, entertaining an unlawful collateral attack, and (3) is embarrassing and hindering the ancillary administration in Hillsborough County. In answer to this Court’s rule nisi, the three respondents state that, at the time of filing his petition, West had no knowledge of the proceedings in Georgia; that the Florida court is not bound by the letters issued by the Georgia court; that decedent at the time of his death was domiciled in this State and left his property in this State; and that the domiciliary letters issued to West are superior to the ancillary letters issued to petitioner.
Had the domiciliary proceedings been in two different counties in Florida, petitioner’s point may have been well taken. However, as between different states jurisdiction of the estate depends upon decedent’s domicile at the time of death or upon the location of his property, or both.[1] The place of domicile at the time of death is a jurisdictional question of fact which is not conclusively established by the appointment of an administrator, and in a proper collateral action the true place of residence of the deceased may be shown to disprove jurisdiction in the court assuming to administer the estate. Probate courts, not being courts of general jurisdiction in the course of common law, are not subject to the rule of presumptions as to jurisdiction, but jurisdiction must appear by their records.[2]
The issuance of the letters of administration is prima facie evidence that the court adjudicated its jurisdiction, but the full faith and credit clause of the Federal Constitution does not preclude a court in another state from investigating and determining the question of the decedent’s domicile at the time of death provided the party raising the issue is not estopped by the doctrine of res judicata by having previously unsuccessfully contested the issue in the court of another state.[3] The record before this Court does not reflect any contest of the issue of residence or domicile ever raised in either state.
This Court cannot determine the sufficiency of the Georgia petition to support the issuance of letters to the Fulton County Administrator. Here we merely note its weaknesses — heirs listed as unknown, location of property was not specified, and no mention of debts — compared to the strength of the allegations of the petition filed in Santa Rosa County and the record before that Court when it issued letters to West, to wit: 1. Decedent died in Florida while a resident of Santa Rosa County, 2. Petitioner West is the attorney in fact for decedent’s brother, the only known heir, who requested that West be made administrator, 3. Decedent had property located in that county, and 4. Decedent’s funeral expense bill was before that court. The record also reflects that the debts and expenses in the Santa Rosa County proceeding exceed the assets located *357 there, and that decedent is buried in Escam-bia County.
The petition for letters of administration filed by respondent West was sufficient to invoke the jurisdiction of the Florida court.[4] This record discloses no order of the Georgia court to which full faith and credit should be accorded. Since petitioner Curtiss has failed to demonstrate that respondents have acted in excess of jurisdiction or without jurisdiction, the petition for writ of prohibition is hereby denied and the rule nisi is
Discharged.
JOHNSON and SPECTOR, JJ., concur.

. Biederman v. Cheatham, 161 So.2d 638, 641 (Fla.App., 2d 1964); cert. denied Fla,. 168 So.2d 146.

. State ex rel. Everette v. Petteway, 131 Fla. 516, 179 So. 666 (1938).

. 121 A.L.R. 1200, Annotation; Loewenthal v. Mandell, 125 Fla. 685, 170 So. 169 (1936); State ex rel. Everette v. Petteway, 131 Fla. 516, 179 So. 666 (1938); Torrey v. Bruner, 60 Fla. 365, 53 So. 337 (1910); Biederman v. Cheatham, 161 So.2d 538 (Fla.App., 2d 1964); cert. denied Fla., 168 So.2d 146; and see 20 A.L.R.3d 1033.

. State ex rel. Campbell v. Chapman, 145 Fla. 647,1 So.2d 278 (1941).