873 So.2d 367 (2004)
Sarah CUEVAS, as Personal Representative of the Estate of Alvarado Kelly, deceased, Appellant,
v.
William R. KELLY, Sr., Appellee.
No. 2D03-110.
District Court of Appeal of Florida, Second District.
March 26, 2004.
Rehearing Denied May 4, 2004.
*369 Barry F. Spivey of Ruden, McClosky, Smith, Schuster & Russell, P.A., Sarasota, for Appellant.
George F. Wilsey of Fisher & Wilsey, P.A., St. Petersburg, for Appellee.
DAVIS, Judge.
In this probate matter, Sarah Cuevas challenges the trial court's order granting the motion for summary judgment filed by the decedent's brother, William R. Kelly, Sr., and issuing letters of intestate administration. Because the trial court failed to give the required full faith and credit to a prior Mississippi judgment, we reverse.
On December 2, 1960, the County Court of Hillsborough County, Florida, adjudicated Alvarado Kelly, the decedent, incompetent. He was subsequently admitted to the Florida State Hospital at Chattahoochee, where he resided until September 15, 1961, when he was transferred to the Veterans Administration (VA) Hospital in Biloxi, Mississippi. The county court appointed City Bank and Trust Company of St. Petersburg as the guardian of the decedent's property on August 8, 1962; on May 18, 1963, he was discharged from the veterans' facility.
Nearly twelve years later, in January 1975, the decedent moved into a housing facility operated by Cuevas in Perkinston, Mississippi, where he resided until his death on November 1, 2000. Upon the decedent's death, Cuevas petitioned the Chancery Court of Hancock County, Mississippi, to admit to probate what she alleged to be his last will and testament. On November 8, 2000, the chancery court granted her petition, admitted the will, and appointed Cuevas as executrix.
In December 2000, less than a month later, William R. Kelly, Sr., the brother and next of kin of the decedent, petitioned the circuit court in Hillsborough County to open intestate probate proceedings, alleging that although a purported will had been admitted to probate in Mississippi, the Mississippi court did not have jurisdiction *370 over the estate because the decedent's domicile and his personal property were both located in Florida. Kelly maintained that his brother had been domiciled in Hillsborough County at the time of his death because no court had either restored the decedent's competency or granted the decedent permission to change his domicile. Cuevas was served with notice of these pleadings by certified mail.
On January 24, 2001, Cuevas petitioned the Mississippi court to probate the purported will in solemn form.[1] Although Kelly was personally served by private process server with a copy of this pleading and a summons on January 31, 2001, he did not respond, and on March 9, 2001, the Chancery Court of Hancock County, Mississippi, entered its judgment finding that the decedent was a resident of Hancock County at the time of his death.[2] The court further found that although Kelly was the decedent's only surviving heir at law, he had failed to respond to the Mississippi proceedings despite notice of same. The Mississippi court thus admitted the will to probate in solemn form and found, pursuant to the will, that Cuevas was the decedent's sole devisee and legatee.
Prior to the judgment being entered by the Mississippi court, Cuevas asked the Florida court to dismiss, abate, or stay the Florida proceedings, citing the pending Mississippi proceedings. Both parties also moved for summary judgment in the Florida proceedings. Cuevas argued that she had instituted proceedings in Mississippi where she alleged that the decedent was domiciled, that the Mississippi court had appointed her executrix, and that Florida had no jurisdiction over the matter. Cuevas subsequently provided the trial court with a verified copy of the March 9, 2001, Mississippi judgment.
In his motion for summary judgment, Kelly argued that since the court in Florida had not approved the decedent's change of domicile or restored his competency, there were no material facts at issue and that, therefore, as a matter of law, the decedent's domicile at the time of his death was Florida. Further, Kelly argued that since the sole assets of the estate were in Florida, the Mississippi court was without jurisdiction to open an estate or consider the validity of the will.
On April 12, 2001, the Florida court entered an order finding that the decedent was domiciled in Florida at the time of his death because he had been adjudicated incompetent and no court had approved a change of his domicile. The court determined further that because the decedent's bank accounts were in Florida, the Florida court had jurisdiction. The trial court denied Cuevas' motion to dismiss the petition and her motion to stay or abate the proceedings. This order did not address the Mississippi judgment or the decedent's purported will.
After discovery and further pleadings, Kelly filed his third motion for summary judgment. He recounted that the trial court had previously found that, as a matter of law, the decedent was domiciled in Florida at the time of his death. Kelly further alleged that the purported will was invalid because it had been procured by undue influence. He cited to the facts that *371 had been determined during discovery related to Cuevas providing housing and care for the decedent. Kelly further pointed out that Cuevas had not submitted the will for probate in Florida. Accordingly, Kelly argued that there were no disputed facts to be resolved and that the court should enter summary judgment in his favor, open intestate proceedings, and issue letters of administration to SunTrust Bank (successor to City Bank and Trust Company of St. Petersburg) as personal representative of the estate.
On December 16, 2002, the trial court denied Cuevas' motion for summary judgment. In the same order, however, the trial court denied in part and granted in part Kelly's motion for summary judgment. The order recited the trial court's prior findings that the decedent was domiciled in Florida and that the bank accounts were located in Florida. The court then appointed SunTrust Bank as personal representative of the Estate of Alvarado Kelly and issued letters of administration to the bank. The order appointing the personal representative recites that the estate was opened as an intestate estate. However, the order granting the motion for summary judgment did not address the existence or validity of the purported will, nor did it address the issue of what effect should be given to the Mississippi judgment. Cuevas now appeals.
The ultimate issue that must be resolved is whether the trial court erred in entering the summary judgment and opening the intestate proceedings. It is not clear from its order whether the trial court intentionally found the purported will invalid or whether, because the trial court denied the motion in part, the validity of the will remains to be resolved. However, by issuing letters of administration in an intestate estate, the trial court has impliedly found that the will was invalid. To determine whether the trial court erred in its ruling on the domicile issue and the validity of the will, we must determine the status of the Mississippi judgment.
A Florida court may have jurisdiction over the distribution of a decedent's estate if Florida was the decedent's domicile at the time of his death or if the decedent owned property in Florida at the time of his death. See Biederman v. Cheatham, 161 So.2d 538 (Fla. 2d DCA 1964); see also § 733.101, Fla. Stat. (2000). However, such jurisdiction is not necessarily exclusive. If the decedent died a domiciliary of another state but owned personal property in Florida, both states may have jurisdiction over the distribution proceedings. See Loewenthal v. Mandell, 125 Fla. 685, 170 So. 169 (1936). In fact, different state courts may reach differing results as to which state was the decedent's proper domicile. Id.
Whether two states may exercise simultaneous jurisdiction or one state must defer to the finding of a sister state depends on the facts of the particular case.
The decision of the court of one state to the effect that the testator is domiciled there is not binding, in the courts of other states, upon persons who are not parties to the proceedings in the first stateeven under the full faith and credit clause of the Federal Constitution.... On the other hand, one who was a party to the proceedings in the first state is bound by the judgment of such court even upon the question of the testator's domicile.
Biederman, 161 So.2d at 542. The application of the full faith and credit clause of the United States Constitution "brings to our Union a useful means for ending litigation. Matters once decided between adverse parties in any state or territory are *372 at rest." Riley v. N.Y. Trust Co., 315 U.S. 343, 348, 62 S.Ct. 608, 86 L.Ed. 885 (1942).
The central issue here is whether the Florida court was required to give full faith and credit to the March 9, 2001, Mississippi judgment. If that judgment was entitled to full faith and credit, then the Florida court lacked jurisdiction to reassess the decedent's domicile and redetermine the validity of the will. Accordingly, the trial court's orders would have been in error. However, if the Mississippi judgment was not binding on the Florida court, then the issue became whether the trial court properly granted the summary judgment impliedly determining as a matter of law that the will was invalid.
"[C]ourts in every jurisdiction are required to give judgments entered in sister states the full faith and credit of the law." In re Estate of O'Keefe, 833 So.2d 157, 160 (Fla. 2d DCA 2002) (citations omitted). However, those sister court judgments are entitled to full faith and credit only as to those individuals who were parties to the sister court's proceedings or were given notice and an opportunity to be heard in those proceedings. See Loewenthal, 170 So. 169. "Where a party has had notice and opportunity to be heard and the foreign court has satisfied Florida's jurisdictional and due process requirements their orders will be entitled to comity." Nahar v. Nahar, 656 So.2d 225, 230 (Fla. 3d DCA 1995) (footnote omitted; citations omitted).
Our focus thus turns to whether Kelly is bound by the determination of the Mississippi court. He maintains that even though he was served with a copy of Cuevas' pleading and the summons, he is not bound by the resulting Mississippi judgment because he did not participate in the Mississippi litigation. We disagree because we conclude that Kelly had notice and an opportunity to be heard and that the Mississippi court satisfied Florida's jurisdictional and due process requirements.
First, we note that in Florida, formal notice is sufficient to acquire jurisdiction over the person who receives the notice to the extent of his interest in the estate. See § 731.301(2), Fla. Stat. (2001). Furthermore, the Florida Probate Rules define formal notice as serving a copy of the pleading along with a notice requiring the person served to serve written defenses within twenty days. Fla. Prob. R. 5.040(a)(1). Service under this rule allows for mailing or personal service.
The record here reveals that Kelly was served with a copy of the complaint asking that the Mississippi court admit the will in solemn form and with a summons that required written defenses be filed within thirty days. Furthermore, the Mississippi judgment specifically found that Kelly was personally served; that service was evidenced by an affidavit of service. We accordingly conclude that the due process requirements of Florida have been met as required by Nahar. Kelly was a party to the Mississippi litigation whether he chose to participate or not and, barring any other deficiency, the Mississippi judgment was entitled to full faith and credit in Florida.
Kelly argues next that the Mississippi court did not have jurisdiction to even commence the probate proceedings. We disagree. If the decedent was domiciled in Mississippi, that court would be the appropriate court to open his estate. See Biederman, 161 So.2d 538. Since a petition was filed there alleging that the decedent resided in Mississippi and a purported will was submitted reciting that the testator was a resident of Mississippi, the Mississippi court did have jurisdiction to make the determination of domicile. The fact that the decedent's bank accounts *373 were in Florida did not deprive the Mississippi court of jurisdiction. Personal property will normally be administered by the court of the domiciliary, in this case, Mississippi. See Saunders v. Saunders, 796 So.2d 1253 (Fla. 1st DCA 2001), review denied, 819 So.2d 139 (Fla.2002). As we observed earlier, the existence of jurisdiction in one state does not necessarily negate the existence of jurisdiction in another state. Once the Mississippi chancery court determined that the decedent was domiciled there, it had jurisdiction to consider the validity of the will and the right to determine the distribution of the decedent's personal property, wherever it is located.
Kelly further suggests that the Mississippi judgment is invalid because it was entered as a result of fraud committed by Cuevas, given the fact that Cuevas admits that she did not advise the Mississippi court that the decedent had been adjudicated incompetent in Florida in 1960. The case cited by Kelly, Grimes v. Estate of Stewart, 506 So.2d 465 (Fla. 5th DCA 1987), does not support his argument, however. While Grimes does discuss the failure to advise the probate court of the decedent's prior adjudication of incompetency in terms of fraud, that case involved not only the failure to disclose this prior history, but also the failure to advise the court of the beneficiaries of a prior will or the heirs at law.
The extrinsic fraud that must be shown to challenge the validity of the prior judgment has been defined in terms of "prevent[ing] a party from defending in an action, raising issues, or otherwise presenting his or her case." In re Estate of O'Keefe, 833 So.2d at 161 (citations omitted). Because the Mississippi court was advised that Kelly was the surviving heir at law, and because Kelly was given notice of the proceedings, he was not prevented from defending. Extrinsic fraud has not been shown. Furthermore, the fraud argument was made for the first time on appeal. If Kelly wanted the trial court to deny full faith and credit to the Mississippi judgment based on this ground, he should have raised the issue before that court. His failure to do so precludes him from raising it for the first time on appeal. See Keech v. Yousef, 815 So.2d 718 (Fla. 5th DCA 2002).
We conclude that the Mississippi court had jurisdiction to commence the probate proceedings, that extrinsic fraud did not invalidate the Mississippi judgment, and that the Florida trial court erred in failing to give full faith and credit to the March 9, 2001, Mississippi judgment. We hold therefore that the trial court erred in granting Kelly's motion for summary judgment.
Reversed.
KELLY and VILLANTI, JJ., Concur.
NOTES
[1] This proceeding is similar to a proceeding under section 733.2123, Florida Statutes (2000), which subjects the issue of the validity of the will to immediate resolution after proper notice. The result is binding on those who were duly noticed and had an opportunity to be heard.
[2] The term "residence" is synonymous with the term "domicile." § 731.201(11), Fla. Stat. (2001).